**BALLY/MIDWAY MFG. CO., Plaintiff,**

v.

**The Honorable Donald T. REGAN, Secretary of the Treasury and the Honorable William Von Raab, Commissioner of Customs, Defendants.**

No. 83–5–00661.

United States Court of International Trade.

May 27, 1983.

Plaia, Schaumberg & deKieffer, Chartered, Washington, D.C. (Herbert C. Shelley, Washington, D.C., and Alice A. Kipel, of counsel), for plaintiff.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Attorney in Charge, Commercial Litigation Branch, New York City (Deborah E. Rand, Washington, D.C., at the hearing), for defendants.

## Memorandum and Order

FORD, Judge:

Plaintiff acquired copyright registration No. PA 83–768 covering the audio visual work "Pac-Man" and copyright registration No. TX 567–759 on the text and photographic illustrations comprising the "Pac-Man" brochure on November 13, 1980. In addition on September 8, 1981 copyright registration No. TX 753–817, covering the source and object codes for the "Pac-Man" game was granted to plaintiff. On January 7, 1981 the first two copyrights were recorded with customs.

In early 1983 several importations of certain hand held games called "Pucki & Monsters" were entered at the port of Los Angeles and released to the importer. Subsequently customs contacted the importer to notify it that the imported merchandise was suspected of being piratical copies of Bally/Midway's copyrights. Counsel for plaintiff was permitted by customs to examine the imported games and advised customs of its intent to proceed against these games which it believed were infringements of its copyright. The importer did not redeliver the merchandise to customs within the thirty days permitted by law. A penalty was accordingly assessed against the importer for failure to redeliver the goods.

Defendant has moved for dismissal of this matter on the basis of lack of jurisdiction, citing among others 28 U.S.C. § 1338 [1] which grants jurisdiction to the district courts in any civil action involving copyrights. Plaintiff contends it is entitled to institute this action in this court by virtue of 28 U.S.C. § 1581(i), on the basis that the merchandise is subject to an Embargo or other Quantitative Restrictions. It appears the merchandise is not the subject of an Embargo or other Quantitative Restrictions or not in fact within any of the provisions of § 1581(i). *Kidco, Inc., Plaintiff v. The United States; William Von Raab, Commissioner of Customs; Dennis T. Snyder, Regional Commissioner of Customs (Region 2); Benjamin Jefferson, Area Director of Customs, Newark, New Jersey, Defendants.* 4 CIT ——, Slip Op. 82–71 (Sept. 8, 1982).

Additionally while plaintiff has not made a claim in its pleadings under 28 U.S.C. § 1581(h), it has argued that jurisdiction of this matter may lie thereunder. This provision is, in the opinion of this court, not applicable to the factual situation involved herein. Said provision grants exclusive jurisdiction to this court in any civil action brought to review a preimportation ruling by the Secretary of Treasury. In the case at bar the merchandise had already been imported and apparently had entered the commerce of the United States before the action was commenced. Accordingly reliance upon 28 U.S.C. § 1581(h) is misplaced.

In the interest of justice, it is hereby

ORDERED that plaintiff's motion for a preliminary injunction be and the same hereby is denied, and it is further

ORDERED that defendant's motion to dismiss be and the same hereby is denied, and it is further

ORDERED that this action is *sua sponte* transferred to the appropriate district court

---

1. § 1338. *Patents, plant variety protection, copyrights, trade-marks, and unfair competition*

    (a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trade-marks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.

    (b) The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright patent, plant variety protection or trade-mark laws.

in conformity with 28 U.S.C. § 1631 where the action shall proceed as if it had been commenced in the district court in the first instance (*cf. United States v. Biehl & Co.,* 3 CIT ——, Slip Op. 82–36 (1982). The clerk of the United States Court of International Trade is directed to effect transfer to the district court.