**Slip Op. 99-101**

# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

_____
                                        :
LUXURY INTERNATIONAL, INC.,             :
                                        :
                    Plaintiff,          :
                                        :
          v.                            :     Court No. 99-02-00093
                                        :
UNITED STATES; RAYMOND KELLY,           :
COMMISSIONER OF CUSTOMS;                :
IRENE JANKOV, PORT DIRECTOR,            :
LOS ANGELES CUSTOMS DISTRICT,           :
UNITED STATES CUSTOMS SERVICE,          :
                                        :
                    Defendants.         :
                                        :
_____:

Plaintiff, Luxury International, Inc. ("Luxury"), seeks declaratory and mandamus relief to compel the United States Customs Service ("Customs") to release goods that allegedly infringe on a copyright and to turn over security posted by the copyright owner pursuant to 19 C.F.R. § 133.43 (1998). The copyright owner, ZAO "Elorg," and its exclusive licensee, The Tetris Company, LLC, ("Tetris Co.") (collectively "ZAO"), seek to intervene in the present action pursuant to USCIT R. 24. ZAO also moves to dismiss for lack of subject matter jurisdiction pursuant to USCIT R. 12(b)(1) and for failure to state a claim pursuant to USCIT R. 12(b)(5). Luxury moves to supplement its opposition to ZAO's motion for intervention.

**Held:** Luxury's motion to supplement is denied. ZAO's motion to intervene is granted. Case is remanded to Customs to decide the issues pertaining to copyright infringement pursuant to 28 U.S.C. § 2643(c)(1)(1994).

[Luxury's motion to supplement is denied; ZAO's motion to intervene is granted. Case remanded.]

Dated: September 23, 1999

Law Offices of Elon A. Pollack (Elon A. Pollack and Eugene P. Sands) for plaintiff.

David W. Ogden, Acting Assistant Attorney General; Joseph I. Liebman, Attorney-in-Charge, International Trade Field Office,

Commercial Litigation Branch, Civil Division, United States Department of Justice (Saul Davis), for defendant.

Leboeuf, Lamb, Greene & MacRae, L.L.P. (Melvin S. Schwechter, David P. Sanders and Julie A. Coletti) for applicant-intervenors.

#### OPINION

**TSOUCALAS, Senior Judge:** Plaintiff, Luxury International, Inc. ("Luxury"), brings this action to contest the denial of a protest and invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1581(a) and (i) (1994).

Luxury filed a protest challenging the United States Customs Service's ("Customs") decision to continue to detain its goods. Luxury's protest was based on its view that ZAO "Elorg" and its exclusive licensee, The Tetris Company, LLC ("Tetris Co.") (collectively "ZAO"), failed to file a timely demand for exclusion and bond pursuant to 19 C.F.R. § 133.43 (1998) and that under the regulations, Customs was required to release its goods.

Customs denied the protest on the grounds that ZAO "Elorg" fulfilled the written demand and bond requirements. Luxury brought suit in this Court to contest the denial of the protest, and ZAO "Elorg" and Tetris Co. moved to intervene in and to dismiss this action.

**BACKGROUND**

Luxury attempted to import 22,000 LCD hand-held video games ("LCD games") on May 23, 1998 at the port of Los Angeles, California.  Customs detained the LCD games pursuant to 19 U.S.C. § 1499.  Subsequently, Customs notified Luxury that there was reason to believe that its LCD games were piratical copies of a recorded copyrighted work held by Nintendo of America, Inc. ("Nintendo") for the game "Tetris."  In a letter dated July 31, 1998, Luxury denied that the LCD games were copies of a copyright held by Nintendo and also requested that Customs require Nintendo to post a security bond in the amount of $150,000.[1]

In a letter dated September 4, 1998, Customs gave Nintendo notice pursuant to 19 C.F.R. § 133.43 of its detention of the LCD games and of Luxury's denial that the LCD games were piratical copies of any copyrights.  Customs notified Nintendo that within 30 days of the notice it would release the LCD games to Luxury unless Nintendo filed both a written demand for exclusion of the LCD games and posted a bond for $150,000 to hold both the port director and the importer harmless from loss or damage as a result of Customs' detention of the LCD games.

---

[1]    Luxury alleges that ZAO "Elorg," a Russian entity, presently holds the trademark and copyright registrations for the Tetris game. Tetris Co. is a ZAO "Elorg" exclusive licensee of the copyright, and it has granted sublicenses to various entities, including Nintendo.

On October 2, 1998, ZAO sent a written demand to Customs for exclusion of the imported merchandise pursuant to 19 C.F.R. § 133.43. On October 5, 1998, the demand was received by Customs and ZAO tendered a check to Customs in the amount of $150,000. Customs did not accept the check in lieu of a bond on October 5, but accepted it on October 6, 1998.

On October 8, 1998, Luxury filed a protest with Customs contesting Customs' decision of October 6, 1998 to continue to detain the LCD games, on the ground that the posting of the check was not timely. By letter on October 30, 1998, Customs informed Luxury that there was no merit in its protest because the failure to fulfill the bond requirements of 19 C.F.R. § 133.43(d)(6)(ii) was attributable to Customs' error and the copyright holder could not be held responsible for such error.

Luxury and ZAO allege that on November 12, 1998, ZAO filed a brief with Customs in support of exclusion of the LCD games pursuant to 19 C.F.R. § 133.43(d)(1). Luxury contends that ZAO failed to comply with the notification and certification requirements of 19 C.F.R. § 133.43(d)(1)(i) because ZAO did not provide Luxury with prior notification of the information it submitted to Customs in support of its claim and it did not include with its submission to Customs a written certification that the information had previously been submitted to the importer. ZAO

maintains that Luxury did not file any brief in opposition to exclusion and has not participated in Customs' administrative proceeding to determine whether the LCD games are infringing on ZAO's copyright.  On February 12, 1999, Luxury was notified that Customs Headquarters would soon be disposing of the matter.  As stated above, Luxury failed to participate in the proceedings and on February 19, 1999, commenced this action in this Court.

In the complaint filed by Luxury, the first cause of action is for a writ of mandamus under 28 U.S.C. § 2643(c)(1).  Luxury seeks to compel Customs to release the LCD games and the $150,000 security, alleging that this was the proper course of action under 19 C.F.R. § 133.43(d) because the copyright owner failed to file a timely written demand for exclusion and post a bond.

Luxury's second cause of action is for declaratory relief under 28 U.S.C. § 2643(c)(1).  Luxury seeks declaratory judgment that: (1) the copyright owner's demand for exclusion and posting of the security was not timely; (2) Customs had no right to continue to hold the LCD games after October 4, 1998; (3) Customs should immediately release the LCD games to Luxury;  and (4) Customs should turn over the $150,000 security to Luxury to compensate it for losses sustained as a result of the detention of the merchandise.

In its third cause of action, Luxury seeks a declaratory judgment which provides that: (1) the requirements of 19 C.F.R. § 133.43(d)(1)(i) are mandatory; (2) Customs may not consider ZAO's brief on infringement because ZAO failed to satisfy the notification and certification requirements of 19 C.F.R. § 133.43 (d)(1)(i) and its burden of proof of infringement; (3) Customs should have released the LCD games to Luxury; and (4) Customs should find the LCD games are not infringing copies and direct the port director to release them to Luxury.

On April 21, 1999, ZAO moved for leave to intervene as a party defendant and simultaneously filed a second motion to dismiss Luxury's complaint. On May 6, 1999, Luxury filed its opposition to ZAO's motion to intervene. On May 6, 1999, the government filed its response to ZAO's motion to intervene and cross-motion for joinder of ZAO as a necessary party. In its response and cross-motion, the government consented to ZAO's intervention. On May 20, 1999, Luxury moved for leave to supplement the opposition to ZAO's motion for intervention and also moved to oppose the government's motion for joinder of ZAO as a necessary party. On June 9, 1999, ZAO filed its opposition to Luxury's motion for leave to supplement the record and also moved for leave to file responses to Luxury's motion for leave to supplement and Luxury's opposition to government's motion for joinder of ZAO as a necessary party. Oral

argument was heard on July 19, 1999.

## DISCUSSION

### I. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(a) (1994), which provides the Court "shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930." Section 515 of the Tariff Act, 19 U.S.C. § 1515 (1994 & Supp. III 1997), details the process by which Customs modifies and performs administrative review of its decisions and "provides for the allowance or denial of a protest filed pursuant to section 514 of the Tariff Act of 1930." Lowa, Ltd. v. United States, 5 CIT 81, 84, 561 F. Supp. 441, 444 (1983) (citation omitted); Norfolk and Western Ry. Co. v. United States, 18 CIT 55, 60, 843 F. Supp. 728, 732 (1994).

Section 514 of the Tariff Act, 19 U.S.C. § 1514 (a)(1994 & Supp. III 1997), provides, in pertinent part, that decisions of Customs relating to "the exclusion of merchandise from entry" are final and conclusive unless a protest is filed "or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade." Thus, under 28 U.S.C. § 1581(a), this Court has the power to hear

actions concerning the denial of a protest involving the exclusion of goods from entry into the United States.  See <u>International Maven, Inc. v. McCauley</u>, 12 CIT 55, 57, 678 F. Supp. 300, 302 (1988).

Generally, challenges to entry of merchandise are reviewable in this Court under 28 U.S.C. § 1581(a) once the administrative remedies provided by 19 U.S.C. § 1514 and § 1515 have been exhausted.  See <u>United States v. Uniroyal, Inc.</u>, 69 CCPA 179, 181, 687 F.2d 467, 470 (1982); <u>National Customs Brokers and Forwarders Ass'n of America, Inc. v. United States</u>, 18 CIT 754, 757, 861 F. Supp. 121, 126 (1994); <u>see</u> <u>also</u> 28 U.S.C. § 2637(d) (1994) ("In any civil action not specified in this section, the Court of International Trade shall, where appropriate, require the exhaustion of administrative remedies.").  Here, Luxury exhausted its remedies and the Court could properly invoke its jurisdiction under 28 U.S.C. § 1581(a) when Luxury filed a protest with Customs to contest its determination to continue to exclude Luxury's goods, and Customs denied the protest.  See  <u>Norfolk</u>, 18 CIT at 60, 843 F. Supp. at 732; <u>NEC Elecs. U.S.A. Inc. v. United States</u>, 13 CIT 214, 218, 709 F. Supp. 1171, 1174 (1989) ("Jurisdiction via 28 U.S.C. § 1581(a) is predicated upon a valid section 1514 protest."); <u>see</u> <u>also</u> <u>Dornier Med. Sys., Inc. v. United States</u>, 14 CIT 686, 688-89, 747 F. Supp. 753, 755 (1990).

Although Luxury exhausted its administrative remedies with respect to the protest, it refused to participate in the proceedings commenced by Customs to determine whether the LCD games infringe on ZAO's copyright. Instead of waiting for Customs' determination, Luxury commenced this action contesting the denial of its protest. It is manifest that the gravamen of the allegations before the Court and the relief sought by Luxury concern "the regulations promulgated by [C]ustoms and their administration and enforcement by that agency." Schaper Mfg. Co. v. Regan, 5 CIT 266, 268, 566 F. Supp. 894, 896 (1983); Vivitar Corp. v. United States, 7 CIT 170, 171-72, 585 F. Supp. 1419, 1422-23 (1984). The Court is empowered to determine whether Customs acted properly in enforcing the regulations pertaining to the exclusion of the LCD games. See 28 U.S.C. § 1581(a); Vivitar, 7 CIT at 172-73, 585 F. Supp. at 1423; Schaper, 5 CIT at 270, 566 F. Supp. at 898. The Court's power is distinct from Customs' power to decide the issue of infringement in a separate administrative proceeding. See 28 U.S.C. § 1581(a); 19 C.F.R. § 133.44 (1998); Vivitar, 7 CIT at 172-73, 585 F. Supp. at 1423.

The Court concludes that Luxury has exhausted its administrative remedies with respect to the protest, and the Court

has jurisdiction over the action pursuant to 28 U.S.C. § 1581(a).[2]
Luxury filed a protest to contest Customs' decision to continue to
exclude its goods, and Customs denied the protest.  Under the plain
meaning of 28 U.S.C. § 1581(a), 19 U.S.C. § 1514 and § 1515, the
Court has the power to hear Luxury's complaint regarding Customs'
denial of its protest against the continued exclusion of its goods.
The Court notes, however, that Luxury prematurely commenced this
action without giving Customs the opportunity to determine whether
there was an infringement of ZAO's copyright.

## II. ZAO's Motion to Intervene

ZAO moves to intervene pursuant to USCIT R. 24(a)(2), which
allows a non-statutory absolute right to intervene. See Vivitar
Corp. v. United States, 7 CIT 165, 166, 585 F. Supp. 1415, 1416
(1984).  The relevant portions of USCIT R. 24(a)(2) provide that:

> Upon timely application anyone shall be permitted to
> intervene in an action: . . . (2) when the applicant
> claims an interest relating to the property or
> transaction which is the subject of the action and the
> applicant is so situated that the disposition of the
> action may as a practical matter impair or impede the
> applicant's ability to protect that interest, unless the
> applicant's interest is adequately represented by

---

[2] Luxury claims that the Court has jurisdiction under both 28
U.S.C. § 1581(a) and (i).  Because the Court has jurisdiction over
the action pursuant to 28 U.S.C. § 1581(a), reliance on § 1581(i)
is inappropriate. See  Miller & Co. v. United States, 5 Fed. Cir.
(T) 122, 124, 824 F.2d 961, 963 (1987); United States v. Uniroyal,
Inc., 69 CCPA 179, 183-84, 687 F.2d 467, 472 (1982).

existing parties.

ZAO argues that it has a stake in the $150,000 it had posted with Customs and in the continued exclusion of the infringing imports.  ZAO also claims that it has an interest in seeing that Customs makes an administrative determination of exclusion and claims a right to contest the allegations of untimely filing of documents and other events in the administrative proceedings.

Luxury, on the other hand, argues that ZAO's ability to seek to exclude the merchandise will not be impaired because 19 C.F.R. § 133.43(e) provides the means to obtain an injunction as an alternative to the administrative procedure.  Luxury claims that ZAO can still pursue this alternative avenue even if Luxury was to prevail in the present action.  In addition, Luxury contends that ZAO only has a contingent interest in the $150,000 security it had posted with Customs, since any right the copyright owner claims in the security is contingent upon Customs' determination that the merchandise is infringing on ZAO's copyright.  Finally, Luxury contends that the government can adequately represent ZAO's interest since the government has an interest in adequately defending its interpretation of its own rules.

Luxury moved to supplement its opposition to ZAO's motion for intervention.  In its supplemental pleading, Luxury  disputes the

ownership of the copyright at issue.  The rule pertaining to supplemental pleadings, USCIT R. 15(d), provides that "[u]pon motion of a party, the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."

The Court declines to address the supplemental pleading which contains Luxury's arguments about the ownership of the copyright. Luxury has set forth no reason why it could not have made those arguments in its original opposition to ZAO's intervention.  Luxury does not contend that the information on which it bases its arguments was not available at the time it made its original opposition to ZAO's intervention; Luxury merely states that it discovered the information later rather than sooner.  The clear mandate of the rule is that a supplemental pleading may be permitted in order to set forth "transactions or occurrences or events which have <u>happened</u> since the date of the pleading sought to be supplemented," not transactions or events which have been <u>discovered</u> since the date of the pleading sought to be supplemented.  USCIT R. 15(d) (emphasis added).  The Court, therefore, denies Luxury's motion to supplement its opposition to ZAO's motion for intervention.

The Court will address each of the arguments for intervention in turn.  First, ZAO does indeed have a stake in the present proceeding.  Pursuant to 19 C.F.R. § 133.43(b)(6)(ii), ZAO posted the $150,000 security to commence Customs proceedings against Luxury to ensure that products which may infringe on its copyright do not enter the United States.  ZAO has a direct and concrete interest in seeing that the merchandise continues to be excluded.  Therefore, ZAO has a stake in the present proceeding in protecting its copyright and the $150,000 security it has posted with Customs.

Second, ZAO "is so situated that the disposition of the action may as a practical matter impair or impede [its] ability to protect that interest."  USCIT R. 24(a)(2).  If Luxury's products are allowed to enter the United States, ZAO will lose the security it has posted and products which ZAO alleges infringe on its copyright may be released into the stream of commerce in the United States, possibly affecting the reputation of ZAO's products.  Luxury's suggestion that ZAO file for a preliminary injunction as an alternative to the administrative procedure is not viable.  It is true that if ZAO is not allowed to intervene any decision made here would not be binding on ZAO, and ZAO could commence another action.  In ZAO's absence, however, the Court would not be able to grant relief to all the interested parties and would be forcing ZAO to commence other suits that involve the same issues to decide matters

that can be resolved here.  The practical effect of barring ZAO's intervention is to force ZAO to file other suits to protect its interest.  ZAO could, for example, file an action for a preliminary injunction or a civil action to contest the merits of the substantive issues such as Customs' failure to accept the check in lieu of a bond on October 5, 1998.  The rule does not require ZAO to jump through hoops imposed by Luxury in order to protect its interest.  The fact remains that barring ZAO's intervention may impair its ability to protect the reputation of its goods and the security it has posted with Customs.

Finally, the Court finds that ZAO's interest will not be adequately represented by the government in the original action.  As stated above, ZAO's security is at stake as is the reputation of its products.  This is quite different from the government's interest in seeing that its regulations are properly interpreted and applied.  To illustrate this point, the Court notes that it is possible that a proper interpretation of the government regulations could yield a result contrary to ZAO's interest.

Because ZAO has satisfied the criteria for non-statutory intervention as of right under USCIT R. 24(a)(2), the Court grants

its motion to intervene.[3]  Accordingly, the Court concludes that it is not necessary to consider the issues pertaining to statutory intervention as of right pursuant to USCIT R. 24(a)(1) nor permissive intervention pursuant to USCIT R. 24(b).  See Sumitomo Metal Indus., Ltd. v. Babcock & Wilcox Co., 69 CCPA 75, 81, 669 F.2d 703, 707 (1982).  The Court remands the matter to Customs to allow Customs to determine administratively whether there is an infringement of ZAO's copyright.

### CONCLUSION

For the foregoing reasons, the Court concludes that the plaintiff may not supplement its pleading.  The Court also concludes that applicant-intervenors should be permitted to intervene.  Finally, pursuant to 28 U.S.C. § 2643(c)(1)(1994), the Court orders Customs to decide the issues pertaining to copyright infringement.

_____
NICHOLAS TSOUCALAS
SENIOR JUDGE

Dated: September 23, 1999
       New York, New York

_____

[3]  Because ZAO "Elorg" and Tetris Co.'s motion to intervene is granted, the Court finds that it is not necessary to address the government's cross-motion to join ZAO "Elorg" and Tetris Co. as necessary parties and the responsive papers thereto.

ERRATA

*Luxury International, Inc. v. United States*, Court No. 99-02-00093, Slip-Op. 99-101, dated September 23, 1999.

On p. 8, line 10, the citation to 28 U.S.C. § 2637(d) and the corresponding parenthetical information should be deleted.

October 13, 1999.