**COMPUTIME, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**Court No. 83–5–00750.**

United States Court of
International Trade.

Nov. 1, 1985.

Soller, Singer & Horn (Margaret H. Sachter), New York City, for plaintiff.

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch (Jerry P. Wiskin), New York City, for defendant.

*Memorandum Opinion and Order*

RE, Chief Judge.

In this action, the plaintiff, Computime, Inc., challenges the refusal of the Customs Service to reliquidate certain solid state electronic timepieces and parts entered at the port of Laredo, Texas. The Customs Service classified the merchandise as watches, under item 715.05, TSUS, and as parts of watches, under various items of Schedule 7 of the TSUS. Plaintiff contests the classification, and contends that the imported merchandise is properly classifiable under item 688.45, TSUS, as "Electrical articles and electrical parts ... not specially provided for ... Other." Plaintiff asserts that this Court has jurisdiction of this action pursuant to 28 U.S.C. § 1581(a) (1982).

The defendant has moved to dismiss the action for lack of jurisdiction, or, alternatively, for failure to state a cause of action upon which relief can be granted. Plaintiff opposes the defendant's motion, and cross-moves to dismiss for lack of jurisdiction on the ground that the liquidations of the entries were void. If the plaintiff's cross-motion is granted, Customs would be required to reliquidate the entries.

Since plaintiff has failed to state a claim for which relief may be granted, the action is dismissed.

The plaintiff, an importer of solid-state electronic watches, received two shipments of liquid crystal diode (LCD) watches and parts at Laredo, Texas: entry no. 108883 on April 21, 1981, and entry no. 109008 on June 17, 1981. These entries were liquidated by the Customs Service on May 21, 1981 and June 17, 1981, respectively. Customs classified the merchandise under various items of Schedule 7 of the TSUS, as watches and parts thereof.

In two separate letters, which were both received by the District Director of Customs in Laredo on May 27, 1982, plaintiff requested reliquidation of its merchandise under item 688.45, TSUS, as electrical articles not specially provided for. Citing *Texas Instruments, Inc. v. United States*, 1 CIT 236, 518 F.Supp. 1341 (1981), *aff'd*, 69 CCPA 136, 673 F.2d 1375 (1982), plaintiff requested reliquidation of the entries pursuant to section 520(c)(1) of the Tariff Act of 1930, 19 U.S.C. § 1520(c)(1).

On June 10, 1982, the Customs Service denied the requests for reliquidation. The plaintiff thereafter filed this action.

The plaintiff makes two arguments: (1) that Customs made an administrative error correctible under section 520(c)(1), and that plaintiff's two letters received by Customs on May 27, 1982, served as proper and timely requests for reliquidation under that section; and (2) that the original liquidations under Schedule 7, TSUS, were invalid and void as a matter of law. These contentions are without merit.

*Relief Under Section 520(c)*

Section 514 of the Tariff Act of 1930, 19 U.S.C. § 1514 (1982 & Supp.1984), sets forth the proper procedure for an importer to protest the classification of its merchandise when it believes that Customs has misinterpreted the applicable law and has illegally classified the imported merchandise. Section 520(c)(1), on the other hand, is designed to permit Customs to correct mistakes of fact or inadvertence which have caused an error in liquidation. Section 520(c)(1), in pertinent part, provides:

(c) Notwithstanding a valid protest was not filed, the appropriate customs officer may, ... reliquidate an entry to correct—

(1) a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the appropriate customs officer within one year after the date of liquidation or exaction.

19 U.S.C. § 1520(c)(1)(1982).

A mistake of fact has been defined as "a mistake which takes place when some fact which indeed exists is unknown, or a fact which is thought to exist, in reality does not exist." *C.J. Tower & Sons of Buffalo, Inc. v. United States*, 68 Cust.Ct. 17, 22, C.D. 4327, 336 F.Supp. 1395, 1399 (1972), *aff'd*, 61 CCPA 90, C.A.D. 1129, 499 F.2d 1277 (1974). Inadvertence is a somewhat broader term, and has been defined as "an oversight or involuntary accident, or the result of inattention or carelessness, and even as a type of mistake." *Id.*

The courts, in cases interpreting section 520(c)(1), have consistently held that this section may only be used to correct mistakes of fact or inadvertence, such as clerical or ministerial errors, and may not be used to rectify allegedly incorrect interpretations of the law. *See, e.g., Hambro Automotive Corp. v. United States*, 66 CCPA 113, 120, C.A.D. 1231, 603 F.2d 850, 855 (1979); *PPG Industries, Inc. v. United States*, 7 CIT ——, Slip Op. 84–27, at 9 (1984); *Mattel, Inc. v. United States*, 72 Cust.Ct. 257, 262–63, C.D. 4547, 377 F.Supp. 955, 960 (1974); *Fibrous Glass Products v. United States*, 63 Cust.Ct. 62, 63–64, C.D. 3874 (1969), *appeal dismissed*, 57 CCPA 141 (1970).

In this case, the plaintiff has not shown any clerical error, mistake of fact, or inadvertence. Rather, the plaintiff presents an extensive argument challenging the legality of Customs' classification and liquidation of the entries at issue. In a word, plaintiff challenges Customs' classification of its imported merchandise.

Plaintiff's argument is a legal argument. Specifically, plaintiff contends that Customs failed to follow statutory procedure and its own regulations in liquidating plaintiff's merchandise. It is clear, however, that Customs made a conscious policy decision to classify plaintiff's merchandise as "watches" and parts of watches under Schedule 7, TSUS. Plaintiff's challenge to this classification is a challenge to Customs' interpretation of the law and its application to plaintiff's imported merchandise. Section 520(c)(1) is "not an alternative to the normal liquidation protest method of obtaining review," but rather affords "limited relief" where an unnoticed or unintentional error has been committed. *C.J. Tower & Sons, supra*, 68 Cust.Ct. at 21, 336 F.Supp. at 1398.

■ Plaintiff has not demonstrated that any factual or clerical error was made in the classification of its merchandise. The legal question presented is the proper or legal classification of plaintiff's merchandise, and this question is properly raised by a timely protest pursuant to section 514(a), 19 U.S.C. § 1514(a). Since a valid protest was not filed pursuant to section 514(a), the court need not reach the substance or merits of plaintiff's contentions.

Even if it were to be assumed that the plaintiff's letters requesting reliquidation could be considered protests under 19 U.S.C. § 1514(a), they were not received within the required 90–day protest period. Hence, since they were untimely, they could not serve as a proper basis for an action in this Court. It should also be noted that the letter protesting entry no. 108883 was received more than a year after liquidation, and, therefore, even if otherwise proper, would also have been untimely under section 520(c)(1).

### The "Voidance" Doctrine

■ The plaintiff also argues that the liquidations of the entries in question were contrary to law and, therefore, void. In effect, the plaintiff attempts to resurrect the "voidance" doctrine. The voidance doc-

trine, however, was eliminated by the Customs Courts Act of 1970. *See* 19 U.S.C. §§ 1500(d), 1514(a) (1982 & Supp.1984); *United States v. A.N. Deringer, Inc.,* 66 CCPA 50, 56, C.A.D. 1220, 593 F.2d 1015, 1020–21 (1979). Congress has made it eminently clear that the "decisions of the appropriate customs officer, including the legality of *all* orders and findings" pertaining to the liquidation of an entry shall be final and conclusive unless a timely protest is filed. 19 U.S.C. § 1514(a) (emphasis added).

In *A.N. Deringer,* the Court of Customs and Patent Appeals specifically considered the voidance doctrine in light of the Customs Courts Act of 1970. The court unequivocally held that the voidance doctrine was eliminated by that Act, and that the sole method of challenging an allegedly invalid or illegal liquidation was through the protest procedure. The court explained:

> The statute contemplates that both the *legality* and correctness of a liquidation be determined, at least initially, via the protest procedure. The wording of this statute makes it clear that *any* challenge to the propriety of a liquidation (not specifically excepted) must be through this statute.

*A.N. Deringer, supra,* 66 CCPA at 55, 593 F.2d at 1020 (emphasis in original) (footnote omitted). Indeed, the statutory scheme has been carefully designed "to channel all nonexcepted protests through section 1514 even when those protests go to the legality of a customs official's action." *Id.* at 56, 593 F.2d at 1021. Since the voidance doctrine has been eliminated, plaintiff's attempt to strike down the liquidations as void must fail.

### Conclusion

It is the determination of the Court that Customs made no mistake of fact or inadvertence requiring reliquidation under section 520(c)(1). An importer dissatisfied with Customs' classification of imported merchandise must file a protest pursuant to section 514 within 90 days of liquidation.

In this case, plaintiff did not avail itself of the appropriate statutory remedy. Since plaintiff has not stated a claim for which relief can be granted under section 520(c), the defendant's motion to dismiss is granted.

Plaintiff's motion to dismiss is denied. The defendant's motion to dismiss is granted, and the action is dismissed.