**CONCENTRIC PUMPS, LTD., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**C.R.D. Court No. 84–10–01335.**

United States Court of
International Trade.

Aug. 1, 1986.

Stack & Filpi, Paul F. Stack, Chicago, Ill., for plaintiff.

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, Dept. of Justice (Judith M. Barzilay and Paula N. Rubin), New York City, for defendant.

### Memorandum Opinion and Order

TSOUCALAS, Judge:

Plaintiff, Concentric Pumps, Ltd., brings this action challenging the refusal of the Customs Service to reliquidate 12 entries pertaining to oil and water pumps, and parts of fans. The Customs Service classified the merchandise under various items within Schedule 6, of the Tariff Schedules of the United States (TSUS). Consequently, the merchandise was liquidated at the *ad valorem* rate. Plaintiff contests this classification alleging that the merchandise contained American made parts and therefore, is entitled to be entered duty free under item 807.00, TSUS. This item exempts from duty certain American made components which are returned to the United States as parts of articles assembled abroad. Prior to the time of liquidation, plaintiff did not assert duty free status for the merchandise. Plaintiff contends that it was unaware of item 807.00, TSUS, and that § 520(c) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1520(c)(1), permits reliquidation of these goods to correct this alleged mistake of fact.

Defendant now moves to dismiss the action, pursuant to USCIT R. 12, for lack of jurisdiction and for failure to state a claim upon which relief may be granted. Defendant argues that § 520(c)(1) does not include within its parameters a failure to know the existence of the TSUS item. Since plaintiff has failed to state a claim upon which relief may be granted, the action must be dismissed.

### BACKGROUND

Plaintiff, Concentric Pumps, Ltd., an English corporation, imported oil and water pumps, and parts of fans, which entered the country through the port of Chicago in

12 entries.[1] These entries were liquidated from October 29, 1982 through September 23, 1983. Subsequent to liquidation plaintiff requested that the goods be reliquidated pursuant to § 520(c)(1), claiming that at the time of importation, plaintiff was unaware of item 807.00, TSUS. Item 807.00, TSUS, allows duty free treatment for American made parts exported in assembly ready condition, which have not lost their physical identity and have not been advanced in value or improved in condition, when assembled abroad. These requests were denied by the District Director. Plaintiff then filed two protests[2] on January 4, 1984, concerning the 12 entries. These protests again alleged that the merchandise imported had assembled into it goods manufactured in the United States and exported to the United Kingdom for assembly. Plaintiff claimed that at the time of importation, plaintiff was unaware of item 807.00, TSUS, and consequently failed to notify its customs broker as to the incorporation of American manufactured parts into the imported merchandise. On April 23, 1984, the Customs Service denied these protests refusing to reliquidate the goods as "American goods returned." Plaintiff thereafter filed this action.

The question presented to the Court is whether plaintiff's lack of knowledge of item 807.00, TSUS, can be viewed as a mistake of fact which would permit reliquidation under § 520(c)(1).

The court holds that plaintiff's failure to know the existence of item 807.00 does not constitute a mistake of fact or other inadvertence remediable under § 520(c)(1) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1520(c)(1). Therefore, the court grants defendant's motion and the action is dismissed for failure to state a claim upon which relief may be granted.

## DISCUSSION

This Court must determine whether an importer's failure to claim duty free status due to its ignorance of a Tariff Schedule item constitutes a mistake of fact or inadvertence cognizable under § 520(c)(1) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1520(c)(1) (1982).

Section 520(c) provides in pertinent part:

(c) Notwithstanding a valid protest was not filed, the appropriate customs officer may, ... reliquidate an entry to correct—

(1) a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the appropriate customs officer within one year after the date of liquidation or exaction; ...

19 U.S.C. § 1520(c)(1) (1982).

Section 520(c)(1) was amended to include "mistake of fact, or other inadvertence" by the Customs Simplification Act of 1953, 67 Stat. 507, 519 § 20. The legislative history behind this amendment indicates that Congress intended to eliminate "certain unnecessary annoyances and inequities which plague both the Government and private parties" involved in importation. S.Rep. No. 632, 83d Cong., 1st Sess. 1, *reprinted in* 1953 U.S. Code Cong. & Ad.News 2283. The amendment was designed to facilitate the administration of the customs law and eliminate certain inequities by reducing the excessive amount of time customs officers spent on dealing with complaints. Simplifying Customs Administration and Procedures: H.R.Rep. No. 1089, 82d Cong., 1st Sess. 18 (1951).

**1.**

| Date of Entry | Entry No. | Date of Entry | Entry No. |
|---|---|---|---|
| 9/24/82 | 716396 | 1/19/83 | 612320 |
| 10/19/82 | 611169 | 2/02/83 | 612378 |
| 11/16/82 | 611634 | 3/14/83 | 612964 |
| 12/08/82 | 611699 | 3/23/83 | 612579 |

| Date of Entry | Entry No. | Date of Entry | Entry No. |
|---|---|---|---|
| 12/27/82 | 611768 | 4/27/83 | 613220 |
| 1/19/83 | 612321 | 5/11/83 | 613245 |

**2.** Protest No. 39014000010 and Protest No. 39014000011 each concerning six entries.

In reviewing the statute and the legislative history behind the amendment to § 520(c)(1), there is nothing to suggest that Congress intended § 520(c)(1) to remedy an importer's mistaken or inadvertent lack of knowledge of the Tariff Schedule items.

Recent cases interpreting the parameters of § 520(c)(1) have established the limited remedial nature of § 520(c)(1). The limited redress of § 520(c)(1) is not directed at rectifying allegedly incorrect interpretations of law. *Computime, Inc. v. United States*, 9 CIT ——, 622 F.Supp. 1083, 1085 (1985); *see also, Hambro Automotive Corporation v. United States*, 66 CCPA 113, 120, C.A.D. 1231, 603 F.2d 850, 855 (1979). Determinations by the Customs Service that merchandise is covered by a certain provision of the TSUS are conclusions of law. *See, Mattel, Inc. v. United States*, 72 Cust.Ct. 257, 262, C.D. 4547, 377 F.Supp. 955, 960 (1974). Therefore, barring mistake of fact, an erroneous classification would render § 520(c)(1) inapplicable. *Id.* at 262, 377 F.Supp. at 960. In that event plaintiff would be limited to seeking relief under § 514 of the Tariff Act of 1930, 19 U.S.C. § 1514, which sets forth the appropriate procedure to protest a misinterpretation of the applicable law and an improper classification by the Customs Service.

This Court finds that plaintiff's claim cannot properly be classified as a mistake of fact which would allow plaintiff to avail itself of the application of § 520(c)(1).

It has been held that a "mistake of fact exists where a person understands the facts to be other than they are, whereas a mistake of law exists where a person knows the facts as they really are but has a mistaken belief as to the legal consequences of those facts." *Hambro Automotive Corporation v. United States*, 66 CCPA 113, 118, C.A.D. 1231, 603 F.2d 850, 854 (1979) (citing 58 C.J.S. Mistake, § 832). It has been defined as a mistake which takes place when some fact which indeed exists, is unknown, or a fact which is thought to exist, in reality does not exist. *C.J. Tower & Sons of Buffalo, Inc. v. United States*, 68 Cust.Ct. 17, 22, C.D. 4327, 336 F.Supp. 1395, 1399 (1972), *aff'd*, 61 CCPA 90, C.A.D. 1129, 499 F.2d 1277 (1974).

*C.J. Tower & Sons* is a leading case on what constitutes a mistake of fact sufficient to bring to bear application of § 1520(c)(1). In *Tower*, neither the District Director of Customs nor the importer were aware that the merchandise in question was emergency war materials, entitled to duty free treatment under item 832.00, TSUS, until after the liquidation became final. The court held that such a lack of knowledge did not amount to an error in the construction of law but came within the statutory language "mistake of fact or other inadvertence." *C.J. Tower & Sons*, 68 Cust.Ct. at 22, 336 F.Supp. at 1399.

Plaintiff attempts to analogize its situation to the one presented in *Tower*. However, plaintiff's reliance on *Tower* is misplaced. In *Tower*, the importer and the Customs Service were both unaware of the nature of the goods prior to liquidation, and sometime thereafter. Based upon the facts known to both the Customs Service and the importer, the goods were subject to duty; the importer was unaware of the ultimate use of his goods and therefore, could not relate such information to the Customs Service.

This Court observes that the *Tower* court considered significant, the character of the merchandise imported, namely, for military department use. The court noted that the applicable free entry provision for governmental importations must be liberally construed particularly when the action is brought under § 1520, and if the mistake of fact is the underlying cause for failure to comply with the provision in question. *Id.* at 23, 336 F.Supp. at 1400.

In this action, plaintiff states that it was unaware, at the time of liquidation, that its goods contained American made parts. However, the protests filed by plaintiff and the allegations in its complaint are void of any reference to a mistake in the nature of the goods. The only inadvertence plaintiff addresses goes to its knowledge of the existence of the specific item in the Tariff Schedule. This mistake was not the kind contemplated by the court in *Tower*. Where the importer knew the nature of its

goods, but was not aware of a duty free item listed in the Tariff Schedule, no other conclusion can be drawn but that no mistake of fact was involved. If any error occurred, it "amounted to an error in the construction of law or to ignorance of the law." *PPG Industries, Inc. v. United States*, 7 CIT 118, 126 (1984). Similarly, in this situation plaintiff's mistake is not one of fact, but one of law.

Based on the facts before this Court, plaintiff's case is more analogous to the one presented in *Godchaux-Henderson Sugar Co., Inc. v. United States*, 85 Cust.Ct. 68, C.D. 4874, 496 F.Supp. 1326 (1980). There, the importer failed to file a consumption entry for its merchandise within the time limit prescribed by law to obtain duty free treatment. The court held that plaintiff's ignorance of the duty free status of its merchandise and of the deadline was not remediable under § 520(c)(1).

Plaintiff's claim, which it raises for the first time, as to its lack of knowledge of the American made parts contained in the pumps is not persuasive. Plaintiff admits that when it became aware that it had paid full duty on goods entitled to be entered duty free, the time for filing a protest pursuant to § 514 had expired. Therefore, plaintiff requested reliquidation of the entries pursuant to § 520(c). In conceding this fact, plaintiff realized that it was precluded from seeking relief under § 514 and therefore endeavored to rectify its mistake by availing itself of the remedy under § 520(c)(1). However, it has been held that "§ 1520(c)(1) cannot be used as 'an alternative to the normal liquidation-protest method of obtaining review,' but rather affords 'limited relief' where an unnoticed or unintentional error has been committed." *Computime, Inc. v. United States*, 9 CIT —, 622 F.Supp. 1083, 1085 (1985) (quoting *C.J. Tower & Sons of Buffalo, Inc. v. United States*, 68 Cust.Ct. 17, 21, C.D. 4327, 336 F.Supp. 1395, 1398 (1972), *aff'd*, 61 CCPA 90, C.A.D. 1129, 499 F.2d 1277 (1974)).

The Court stresses that § 520(c)(1) is not remedial for every conceivable form of mistake or inadvertence adverse to an importer, but rather the statute offers "limited relief in the situations defined therein." *Phillips Petroleum Co. v. United States*, 54 CCPA 7, 11, C.A.D. 893 (1966); *accord PPG Industries Inc. v. United States*, 7 CIT 118 (1984), and *C.J. Tower & Sons v. United States, supra*.

## CONCLUSION

Plaintiff has failed to state a claim upon which relief may be granted. It has failed to allege sufficient facts which would indicate that a mistake of fact was committed as contemplated by § 520(c)(1) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1520(c)(1), and therefore the motion to dismiss must be granted. Accordingly, defendant's motion to dismiss is granted.