**NEC ELECTRONICS U.S.A. INC., ELECTRONICS ARRAYS, DIV., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**Court No. 84-05-00670.**

United States Court of International Trade.

March 21, 1989.

---

Horton & Whiteley, Robert Scott Whiteley, Oakland, Cal., for plaintiff.

John R. Bolton, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Attorney in Charge, Intern. Trade Field Office, Commercial Litigation Branch, U.S. Dept. of Justice, Susan Handler–Menahem, New York City, for defendant.

## OPINION

AQUILINO, Judge:

This action attempts to challenge U.S. Customs Service denial of a request for reliquidation pursuant to 19 U.S.C. § 1520(c)(1). The defendant has interposed an answer to the complaint and also a "Motion to Dismiss for Lack of Jurisdiction, or in the Alternative, for Failure to State a Claim Upon Which Relief May be Granted".[1]

---

**1.** While this caption appears to follow CIT Rule 12(b), in reality the motion is for judgment on the pleadings in accordance with Rule 12(c) which is treated as one for summary judgment

---

### I

In its complaint, the plaintiff shows the merchandise at issue to be

32K ROM semiconductor devices consisting in part of semiconductor die of United States origin eligible for exemption from duty under item 807.00, TSUS ... classified by customs under item 687.75 at a duty rate of 5.6% *ad valorem* including that portion of the merchandise eligible for classification under item 807.00 free of duty.[2]

The complaint further avers (in paragraph 11) that on September 30, 1981 a letter was sent to Customs, notifying the Service of an

intention to make the claim for duty free treatment under item 807 based on the 64 cents per die U.S. content of all ROMs imported from NEC. . . .

12. On April 8, 1983, within one year of the liquidation of the entries in question, a request for reliquidation under § 520(c)(1) of the Tariff Act of 1930 as amended, was timely filed.

13. That request for reliquidation was ... denied on April 22, 1983. A ... protest was filed contesting the denial of the claim under § 520(c) on July 21, 1983. Documentation proving the United States origin of the semiconductor die contained within the imported devices is available.

14. Documents required under § 10.24 of the customs regulations are also now available to substantiate the claim for duty free treatment of the similconductor [*sic*] die under item 807.00 TSUS.

Defendant's answer essentially admits these allegations, but its motion sets forth the position that they do not add up to an actionable cause.

### II

■ According to the summons, the entries at issue occurred in July and August 1981, with the date of liquidation shown to

---

thereunder due to presentment of matters outside those pleadings.

**2.** Complaint, para. 5.

be April 9, 1982. In view of the passage of time indicated, defendant's motion attacks first the court's subject matter jurisdiction, but resolution of that question hinges on the nature of plaintiff's substantive claim, which the motion characterizes (at page 3) as an

> attempt[ ] to use a section 520(c)(1) claim to contest the classification of the imported merchandise when its time to file such a claim pursuant to 19 U.S.C. § 1514 had elapsed. The law is well settled that an attempt to contest the classification of merchandise is an error of law and is not cognizable under section 520(c)(1).

That section provides that, notwithstanding nonfiling of a valid protest,

> the appropriate customs officer may, in accordance with regulations prescribed by the Secretary, reliquidate an entry to correct—
>
> (1) a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the appropriate customs officer within one year after the date of liquidation or exaction.

The section is not considered an alternative to a liquidation/protest review under 19 U.S.C. § 1514, and its application is limited to the above circumstances. *See, e.g., Phillips Petroleum Co. v. United States*, 54 CCPA 7, 11, C.A.D. 893 (1966). In *Concentric Pumps, Ltd. v. United States*, 10 CIT 505, 508, 643 F.Supp. 623, 625 (1986), the court reviewed the remedial nature of section 1520 and concluded that it

> is not directed at rectifying allegedly incorrect interpretations of law. *Computime, Inc. v. United States*, 9 CIT 553, 622 F.Supp. 1083, 1085 (1985); *see also, Hambro Automotive Corporation v. United States*, 66 CCPA 113, 120, C.A.D.

1231, 603 F.2d 850, 855 (1979). Determinations by the Customs Service that merchandise is covered by a certain provision of the TSUS are conclusions of law. *See Mattel, Inc. v. United States*, 72 Cust.Ct. 257, 262, C.D. 4547, 377 F.Supp. 955, 960 (1974). Therefore, barring mistake of fact, an erroneous classification would render § 520(c)(1) inapplicable. *Id.* at 262, 377 F.Supp. at 960. In that event plaintiff would be limited to seeking relief under § 514 of the Tariff Act of 1930, 19 U.S.C. § 1514, which sets forth the appropriate procedure to protest a misinterpretation of the applicable law and an improper classification by the Customs Service.

Defendant's motion therefore turns on whether plaintiff's failure to seek preferential treatment under item 807 prior to liquidation, under section 1514 or otherwise, may be remedied now under section 1520 on the ground of clerical error, mistake of fact, or other inadvertence.

Clerical error appears to be of no moment herein; the focus of plaintiff's brief is mistake of fact or inadvertence. A mistake of fact exists when "a person understands the facts to be other than they are"[3] or "when some fact which indeed exists, is unknown, or a fact which is thought to exist, in reality does not exist." *Concentric Pumps, Ltd. v. United States*, 10 CIT at 508, 643 F.Supp. at 625 (citations omitted). Inadvertence "has been defined variously as an oversight or involuntary accident, or the result of inattention or carelessness, and even as a type of mistake." *Hambro Automotive Corp. v. United States*, 66 CCPA 113, 603 F.2d 850, 854 (1979) (citations omitted).

In *C.J. Tower & Sons v. United States*, 68 Cust.Ct. 17, C.D. 4327, 336 F.Supp. 1395 (1972), *aff'd*, 61 CCPA 90, 499 F.2d 1277 (1974), the imported articles entered the country under item 694.60, TSUS. Liquidation occurred, with no section 1514 protest filed. Later, the plaintiff requested reliquidation under section 1520(c)(1), alleg-

---

**3.** *Hambro Automotive Corp. v. United States*, 66 CCPA 113, 603 F.2d 850, 854 (1979) (citing 58 C.J.S. *Mistake*, p. 832).

ing that the merchandise had been imported for the military as emergency war materiel and thus duty-free under item 832.00, TSUS. Customs denied the request, and a protest was filed thereafter. The Customs Court considered whether the plaintiff's failure to request preferential treatment under item 832.00 via a section 1514 protest could be remedied by a section 1520 action grounded on mistake of fact or inadvertence. The court held for the plaintiff as a result of a concession that neither the Service nor the importer had been aware of the presence of duty-free merchandise until after the period for filing a protest of the liquidation had expired. The court concluded that the mutual "lack of knowledge, both in kind and degree, [wa]s such as to clearly come within the statutory language, 'mistake of fact, or other inadvertence.'" 68 Cust.Ct. at 22, 336 F.Supp. at 1399.

In *Concentric Pumps, Ltd. v. United States*, the court concluded that the plaintiff's ignorance of the tariff schedule did not constitute a mistake of fact or other inadvertence. In rejecting the request for reliquidation pursuant to section 1520(c)(1), the court stated that,

> [w]here the importer knew the nature of its goods, but was not aware of a duty free item listed in the Tariff Schedule, no other conclusion can be drawn but that no mistake of fact was involved.... [P]laintiff's mistake is not one of fact, but one of law.

■ In the action at bar, it is apparent that plaintiff's representative had actual knowledge of the nature of the goods, as well as the existence of item 807, prior to the expiration of the liquidation/protest period. Such knowledge distinguishes the instant matter from *C.J. Tower*[4] and also puts the plaintiff in an even weaker position than its counterpart in *Concentric Pumps*. In short, the plaintiff has no remedy under 19 U.S.C. § 1520(c)(1).

A regulation, 19 C.F.R. § 10.112, permits filing "at any time prior to liquidation ... or ... before the liquidation becomes final" of entry-free or reduced-duty documents, in this action in accordance with item 807 and 19 C.F.R. § 10.24. The plaintiff argues its reliquidation request was denied because it failed to file those required documents. The plaintiff is now willing to submit them and concludes that its "520(c)(1) claim and supporting documents may be filed with the ... Court if the filing complies with 19 C.F.R. 10.112, viz. there is a showing that the late filing has not been due to 'willful negligence or fraud.'" Plaintiff's Brief at 7 (citation omitted).

Had the plaintiff secured this court's jurisdiction through a timely section 1514 action, or if it now made out a case under section 1520(c)(1), then its willingness to submit the requisite documentation could remedy the lack thereof to date. But section 10.112 cannot extend the court's jurisdiction. *See, e.g., Audiovox Corp. v. United States*, 8 CIT 233, 236, 598 F.Supp. 387, 389 (1984), *aff'd*, 764 F.2d 848 (Fed.Cir. 1985). Otherwise, the statutory process pursuant to 19 U.S.C. § 1514 would be circumvented.

### III

Jurisdiction via 28 U.S.C. § 1581(a) is predicated upon a valid section 1514 protest. In the absence of such a protest here, the court has no jurisdiction. As the court in *Audiovox Corp.* stated, "[s]ince plaintiff did not act diligently to pursue and exhaust its administrative remedies under 19 U.S.C. § 1514, the Court will not exercise its subject matter jurisdiction under § 1581(i)." 8 CIT at 236–37, 598 F.Supp. at 390 (citation omitted).

Judgment will enter accordingly.

### JUDGMENT

This action having been duly submitted for decision, and the court, after due delib-

---

**4.** Plaintiff's argument that, at the time of importation, neither it nor Customs had knowledge that the semiconductors contained die of United States origin is of no avail. Both sides possessed this information many months before liquidation, which took place on April 9, 1982, and the plaintiff thus had ample time to properly contest the classification. *See, e.g.,* letter from Tom McDannold, Vice President, Electronic Arrays, Inc. to Steven Bevans, Import Specialist, United States Customs Service (Sept. 30, 1981).

eration, having rendered a decision herein; Now, therefore, in conformity with said decision, it is

ORDERED that defendant's motion for summary judgment be, and it hereby is, granted; and it is further

ORDERED, ADJUDGED and DE-CREED that this action be, and it hereby is, dismissed.