OCCIDENTAL OIL & GAS CO., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 88-01-00033

MEMORANDUM OPINION AND ORDER

(Dated March 29, 1989)

*Webster & Sheffield, (John E. Jenkins),* for plaintiff.
*John R. Bolton,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office (*Mark S. Sochaczewsky*), for defendant.

RE, *Chief Judge:* In this action, plaintiff, Occidental Oil & Gas Co., challenges the refusal of the Customs Service to reliquidate the entry for certain oil well equipment entered at the port of Houston, Texas. Plaintiff contends that the imported merchandise is entitled to entry free of duty under item 800.0035, Tariff Schedule of the United States (TSUS), as "[p]roducts of the United States when re-

---

[3]This is not to be confused with the procedures specified in Rule 71(b) of this court, which provide for selected designation for litigation purposes from an admittedly larger record.

[4]The court notes that a 1977 ITC proceeding is referred to in the agency decision. Unless the parties agree otherwise, the relevant information therefrom should also be included in the record.

[5]All time periods shall be calculated without normal exclusions, i.e., Sunday, etc.

turned after having been exported, without having been advanced in value or improved in condition by any process of manufacture or other means while abroad."

Pursuant to Rule 12(b)(5) of the Rules of the Court, defendant has moved to dismiss the action for failure to state a cause of action upon which relief can be granted. Plaintiff opposes the motion, and asks that the matter be heard on the merits. Since plaintiff has failed to state a claim upon which relief can be granted, the action is dismissed.

On June 19, 1981, plaintiff, the importer of record, received a shipment of merchandise listed as entry no. 81–705312–7. On the entry form plaintiff claimed that the merchandise was "American goods returned," entitled to duty-free treatment under item 800.0035, TSUS. Plaintiff, however, provided proof of United States origin for only two of the four invoices of the entry. On the entry form, plaintiff acknowledged that it had not provided documentary proof that the merchandise for invoices 3 and 4 was a product of the United States.

The Customs Service notified plaintiff on numerous occasions between the time of entry and May 1983 that evidence of United States origin had not been received and that the merchandise would be liquidated as dutiable. After plaintiff failed to provide evidence of United States origin for the merchandise covered by invoices 3 and 4, the entry was liquidated on May 27, 1983, with only the merchandise covered by invoices 1 and 2 qualifying for duty-free treatment under 800.0035, TSUS.

On May 22, 1984, plaintiff filed a petition for reliquidation of the entry under 19 U.S.C. § 1520(c)(1). On July 10, 1984, the Customs Service denied plaintiff's request for reliquidation. Customs determined that, "the failure to file required documents whose absence had been repeatedly called to client's attention constitutes negligent inaction, not correctable under the cited statute."

On October 5, 1984, plaintiff filed a protest of Customs' denial of its request for reliquidation. Subsequently, in January 1985, plaintiff supplied what it terms "most" of the documentation which had been previously requested by Customs as necessary to establish United States origin of the merchandise which was the subject of the protest. On July 17, 1987, the Customs Service denied plaintiff's protest. Plaintiff thereafter filed this action.

Plaintiff contends that its failure to provide proof that the merchandise was eligible for duty-free treatment was "a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law," correctable under 19 U.S.C. § 1520(c)(1). Plaintiff contends that it made a "prompt and reasonable effort to obtain manufacturers' affidavits demonstrating that the goods in question were of American origin and was unable to do so." According to plaintiff, under these circumstances "Customs has ruled that

the failure to provide documentation within the time allotted is correctable under 19 U.S.C. § 1520 (c)(1)." Plaintiff contends that whether it was quilty of "negligent inaction" or whether it made a prompt and reasonable effort to obtain the affidavits is a factual question which must be "adjudicated by this court."

Section 514 of the Tariff Act of 1930, 19 U.S.C. § 1514 (1982 & Supp. 1985), sets forth the proper procedure for an importer to protest the classification and appraised value of its merchandise when it believes Customs has misinterpreted the applicable law and incorrectly classified the imported merchandise.

Section 520(c)(1), of the Tariff Act of 1930, as amended, 19 U.S.C. § 1520(c)(1) (1982), permits reliquidation of an entry to correct a clerical error, mistake of fact, or inadvertence, if the claim is timely made. Section 1520(c)(1), provides, in pertinent part:

> Notwithstanding a valid protest was not filed, the appropriate customs officer may, in accordance with regulations prescribed by the Secretary, reliquidate an entry to correct—
> (1) a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the appropriate customs officer within one year after the date of liquidation or exaction * * *

19 U.S.C. § 1520(c)(1) (1982).

For the purposes of section 1520(c), a mistake of fact has been defined as "a mistake which takes place when some fact which indeed exists is unknown, or a fact which is thought to exist, in reality does not exist." *C.J. Tower & Sons of Buffalo, Inc.* v. *United States*, 68 Cust. Ct. 17, 22, C.D. 4327, 336 F. Supp. 1395, 1399 (1972), *aff'd*, 61 CCPA 90, C.A.D. 1129, 499 F.2d 1277 (1974). Inadvertence is a somewhat broader term, and has been defined as "an oversight or involuntary accident, or the result of inattention or carelessness, and even as a type of mistake." *Id.* The courts have consistently held that section 1520(c)(1) may only be used to correct mistakes of fact or inadvertence and may not be used to rectify allegedly incorrect interpretations of the law. *See Computime, Inc.* v. *United States*, 9 CIT 553, 555, 622 F. Supp. 1083, 1085 (1985), *Hambro Automotive Corp.* v. *United States*, 66 CCPA 113, 120, C.A.D. 1231, 603 F.2d 850, 855 (1979).

In this case, plaintiff challenges Customs determination that it was guilty of "negligent inaction" by failing to "exert an effort" to obtain documentation of United States origin of the goods. By its affidavits, plaintiff alleges that it "promptly took appropriate steps to obtain manufacturers' affidavits." In support of its position, plaintiff quotes the following from a Customs Service Decision which discusses the circumstances under which an importer's inability to obtain documentation may be correctable under 19 U.S.C. § 1520(c)(1):

> A failure to act may be correctable under Section 520(c)(1), Tariff Act of 1930, as amended, when it is coupled with another significant factor, such as a misunderstanding of the facts, or the inability of the importer to obtain proper documentation to establish a claim.

C.S.D. 80–250, 14 Cust. B. & Dec. 1176. 1178 (1980). According to plaintiff, since there "can be no question about the origin of the goods," Customs policy "mandates application of § 1520(c)(1) unless the importer has made no effort to secure documentation."

Defendant contends that plaintiff's inability to provide the documentation was clearly not "clerical error, mistake of fact, or inadvertence," as required under 19 U.S.C. § 1520(c)(1). Defendant maintains that plaintiff's request for reliquidation asserts an error of law, rather than a mistake of fact or inadvertence, since it claims that the merchandise was improperly classified. According to defendant, the assertion of an error of law does not state a claim for relief under section 1520, but rather must be protested under section 1514. As plaintiff did not file a protest within 90 days of the liquidation, defendant contends that plaintiff's complaint must be dismissed.

It is well settled that a determination by the Customs Service that merchandise is covered by a certain provision of the TSUS is a conclusion of law. *See Mattel, Inc.* v. *United States*, 72 Cust. Ct. 257, 262, C.D. 4547, 377 F. Supp. 955, 960 (1974). Therefore, an erroneous classification of imported merchandise is not remediable as a clerical error, mistake of fact or inadvertence under section 1520(c)(1). *Id.*; *Cavazos* v. *United States*, 9 CIT 628, 631 (1985).

In *Cavazos*, the court addressed the question whether certain imported tractors were properly classifiable under item 800.0035, TSUS, as "American goods returned." In that case, although plaintiff sought duty-free entry for the merchandise, it failed to supply the appropriate documents to support its claim, and Customs classified the merchandise under item 692.3522, TSUS, denying it duty-free treatment. 9 CIT at 629. The plaintiff protested the classification and the protest was denied by Customs. Subsequently, the plaintiff requested reliquidation of the merchandise, which was also denied. The plaintiff challenged the denial of its request for reliquidation. The court, however, granted the defendant's motion to dismiss the action stating that plaintiff's challenge of the classification of the merchandise presented an "issue of law not remediable by section 520(c). 'Section 520(c)(1) is not an alternative to the normal liquidation-protest method of obtaining review,' but rather affords limited relief where an unnoticed or unintentional error has been committed." 9 CIT at 631 (*citing Computime, Inc.* v. *United States*, 9 CIT 554 (1985)).

In *Cavazos*, the court noted that the plaintiff had not shown that "any mistake of fact was made in the classification of its merchandise," and the question presented was "clearly a legal question." 9 CIT at 631. The court held that since the plaintiff did not supply the proper documentation, "the appropriate customs officer made a legal determination as to the classification of the merchandise on the basis of the facts presented, and in light of plaintiff's claimed classification." *Id.* The court concluded that the plaintiff was attempting to utilize "a section 520(c) procedure as a substitute for a challenge to the classification of the merchandise pursuant to section 514(a)(2)." Consequently, the court dismissed the action.

In the present case, plaintiff has not demonstrated that any factual or clerical error, or inadvertence was made in the classification of the merchandise. It is clear that plaintiff's allegation of a mistake of fact or inadvertence is actually a challenge to the legal conclusion of the Customs Service. Plaintiff's allegation of improper classification must be raised by a timely protest pursuant to section 514(a), 19 U.S.C. § 1514(a).

Although plaintiff points to Customs Service Decision 80–250, which states that "[a] failure to act may be correctable under section 520(c)(1), * * * when it is coupled with * * * the inability of the importer to obtain proper documentation to establish a claim," the Customs Service, in that case, denied the protest stating:

> the only significant factor present in the matter is the failure to perform a required act. Therefore, we conclude that the failure by the importer to respond to the two notices from Customs * * * amounted to negligent inaction on the part of the importer, and therefore, did not involve a clerical error, mistake of fact, or inadvertence * * *.

14 Cust. B. & Dec. at 1178; *accord* C.S.D. 81–155, 15 Cust B. & Dec. 1038, 1039–40 (1981).

In this case, the record shows that the merchandise was entered in June 1981, and was not liquidated until May 1983. During those two years plaintiff was aware that certain documents were missing and that they had been requested by Customs. As the Customs Service pointed out, there is no evidence that plaintiff attempted to obtain the necessary documentation in a timely manner. *See* Customs Service memorandum, File No. PRO–2–06:C (June 15, 1987). Under the circumstances, the delay by plaintiff cannot be described as a mere "inadvertence." It is clear, however, that regardless of whether plaintiff was guilty of negligent inaction, it has not shown an error that is remediable under 19 U.S.C. § 1520(c)(1).

The record shows that the Customs Service liquidated the entry, and, given the information it had at the time, classified the merchandise properly. Plaintiff did not protest the classification, but rather petitioned for reliquidation under 19 U.S.C. § 1520(c)(1). Clearly, plaintiff's proper course of action would have been to chal-

lenge the classification of the merchandise through a section 514 protest.

Plaintiff contends that, regardless of its untimely production of the documentation, under 19 C.F.R. § 10.112 "documentation of entitlement to duty-free entry may be filed as late as the time of the litigation of the claim before the Court of International Trade and, if there has not been willful negligence or fraudulent intent, the goods in question will be entitled to duty-free entry." Section 10.112 provides that:

> Whenever a free entry or a reduced duty document * * * required to be filed in connection with the entry is not filed at the time of entry or within the period for which a bond was filed for its production, but failure to file it was not due to willful negligence or fraudulent intent, such documentation * * * may be filed at any time prior to liquidation of the entry, or if the entry was liquidated, before the entry becomes final.

19 C.F.R. § 10.112 (1988).

Generally, a liquidation becomes final 90 days after the date of liquidation unless a timely protest is filed. *See* 19 U.S.C. § 1514(a) (1982), 19 C.F.R. § 159.9(c)(iii) (1988). In construing section 10.112, the court has accepted documentation establishing U.S. origin after liquidation, only in cases where the liquidation was timely protested. *See Bertrand Freres, Inc.* v. *United States,* 47 Cust. Ct. 155, 160, C.D. 2296 (1961). In construing section 10.112 where a denial of reliquidation is protested rather than liquidation, the Customs Service has stated:

> Under applicable statute, a liquidation is considered to become final after 90 days. However, notwithstanding a liquidation may have become "final", appropriate relief can be allowed under section 520(c)(1) if a timely request is filed and the claim is allowed. *We would emphasize that the mere filing of a claim under section 520(c)(1) does not mean that the otherwise final liquidation has suddenly become "unfinal". Rather the claim must be meritorious for the "finality" of the liquidation to be affected.*

C.S.D. 84–42, 18 Cust. B. & Dec. 942, 944 (1983) (emphasis added). In this case, plaintiff protests Customs' refusal to reliquidate the entry, not the liquidation of the entry. Therefore, its protest raises the issue of whether the refusal to reliquidate for clerical error, mistake of fact or inadvertence, was proper. Since the court concludes that no clerical error, mistake of fact or inadvertence was made, as Customs did not have the documents which established U.S. origin at the time of liquidation or when request for reliquidation was made, the denial of the protest was proper. Furthermore, to accept the documents after plaintiff made a meritless claim under 1520(c)(1), would allow circumvention of the appropriate protest procedure

under section 1514 for challenging an allegedly incorrect classification.

Accordingly, in addition to fulfilling the requirements of 19 C.F.R. § 10.112, by showing a lack of willful negligence or fraudulent intent, plaintiff must satisfy the substantive statutory requirements of section 1520(c)(1) in order to prevail. Plaintiff, however, has not shown that the merchandise was improperly classified due to "a clerical error, mistake of fact, or inadvertence * * *." The record shows that plaintiff had not supplied the appropriate documents to support its claim. Hence, the Customs officer made a legal determination as to the classification of the merchandise on the basis of the facts presented.

On the record before the court, plaintiff has not pursued the appropriate statutory remedy to challenge the allegedly incorrect classification of the imported merchandise. Hence, it is the determination of the court that plaintiff has not stated a claim upon which relief can be granted under section 1520(c)(1). Accordingly, defendant's motion to dismiss is granted, and the action is dismissed.