ALLIED INTERNATIONAL, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 83–07–01078

MEMORANDUM AND ORDER

(Dated May 5, 1989)

*Glad, White & Ferguson* (*Edward N. Glad*) for the plaintiff.
*John R. Bolton,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, U.S. Department of Justice (*Susan Handler-Menahem*) for the defendant.

AQUILINO, *Judge:* The plaintiff has moved for summary judgment in this action, which contests U.S. Customs Service denial of a request for reliquidation pursuant to 19 U.S.C. § 1520(c)(1). In response, the defendant (1) denies several allegations of material facts set forth in plaintiff's supporting statement pursuant to CIT Rule

56(i) and (2) has moved to dismiss the action for failure to state a claim upon which relief can be granted.[1]

I

The merchandise is hardboard from the Union of Soviet Socialist Republics which the complaint alleges:

> 7. * * * was appraised on the basis of cost of production as defined in Section 402a(f) of the Tariff Act of 1930, as amended.
> 8. * * * was appraised at the invoice unit of values plus the domestic insurance, inland freight, port expenses, agent's commission and extra war risk insurance, packed.
> 9. * * * is on the final list published pursuant to Section 6(a) of Public Law 924 in T.D. 54521.

The defendant admits paragraphs 7 and 9, but denies the averments of paragraph 8.

Within a year after the merchandise had been liquidated, plaintiff's counsel requested reliquidation

> under the authority of Section 520(c)(1) of the Tariff Act of 1930, as amended, on the grounds that failure to exclude the invoice charges for domestic insurance, inland freight, port expenses, agent's commission, and extra war risk insurance from the appraised value was due to a clerical error, mistake of fact or other inadvertance [sic] not amounting to an error in the construction of law adverse to the importer * * * as established by the decision in *Allied International, Inc.* v. *United States,* Court No. 81–4–00360, decided in R81/383 (1981).[2]

The request was denied, as was a subsequent protest thereof, apparently based on a view that construction of law was indeed involved rather than a condition covered by section 520(c)(1), which provides that, notwithstanding nonfiling of a valid protest,

> the appropriate customs officer may, in accordance with regulations prescribed by the Secretary, reliquidate an entry to correct—

> (1) a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the appropriate customs officer within one year after the date of liquidation or exaction.

This action ensued, with the defendant now arguing, among other things, that it is "attempting to contest the appraisement of the imported merchandise when [the] time to file such a claim pursuant to

---

[1]While the motion is drawn as if pursuant to CIT Rule 12(b)(5), the defendant had earlier interposed an answer to the complaint. Hence, its motion is in the nature of a cross-motion for summary judgment, albeit one not in conformity with Rule 56(i) in regard to material facts as to which it is contended there exist genuine issue(s) to be tried.

[2]Letter from Edward N. Glad to the District Director of Customs, Boston, Massachusetts (July 12, 1982).

19 U.S.C. § 1514 had passed"[3] and that the "law is well settled that an attempt to contest the appraisement of merchandise is an error of law and is not cognizable under secion [sic] 520(c)(1)." Defendant's Memorandum, p. 4.

## II

That section is limited in its application, and may not be used as an alternative to 19 U.S.C. § 1514 to contest imposition of duties. *See, e.g., NEC Electronics U.S.A. Inc.* v. *United States,* 13 CIT 214, Slip Op. 89–33 (March 21, 1989). "Clerical error" is a "mistake made by a clerk or other subordinate, upon whom devolves no duty to exercise judgment, in writing or copying the figures or in exercising his intention." *PPG Industries, Inc.* v. *United States,* 7 CIT 118, 124 (1984) (citations omitted). "Mistake of fact" exists when "a person understands the facts to be other than they are"[4] or "when some fact which indeed exists, is unknown, or a fact which is thought to exist, in reality does not exist." *Concentric Pumps, Ltd.* v. *United States,* 10 CIT 505, 508, 643 F. Supp. 623, 625 (1986) (citations omitted). Inadvertence arises "variously as an oversight or involuntary accident, or the result of inattention or carelessness, and even as a type of mistake." *Hambro Automotive Corp.* v. *United States,* 603 F.2d 850, 854 (CCPA 1979) (citations omitted). On the other hand, a "mistake of law" occurs when the facts are known, yet their legal consequence is unknown or perceived mistakenly. *Id.* at 855. Section 520(c)(1) does not remedy such mistakes.

Plaintiff's letter request, quoted at page 2 above, referred to *Allied International, Inc.* v. *United States,* which is listed at 2 CIT 401, R81/383 (1981), as summary judgment for the plaintiff on the basis of cost of production of hardboard. Despite that judgment's having been entered on October 30, 1981, or some two and one-half months after the hardboard presently at issue was liquidated, the plaintiff argues that this subsequent, summary judgment discloses that

> prior to August, 1981, defendant had found as a fact that the hardboard in question had been sold to plaintiff at ex-factory prices and thus the inland charges were not part of the manufacturer's cost. Unfortunately, the District Director at the port of Boston was either mistaken about this fact or was unaware of its existence.
>
> Therefore, it is respectfully submitted that this mistake or inadvertence is correctable under 19 U.S.C., section 1520(c)(1).[5]

Whether or not the Customs officers at the port of entry were aware of the existence of the abstract R81/383, it carried no precedential value in view of the summary disposition without trial. *See, e.g., V.G. Nahrgang Co.* v. *United States,* 6 CIT 210, 213 (1983).

---

[3]Defendant's Memorandum, pp. 3–4.

[4]*Hambro Automotive Corp.* v. *United States,* 603 F.2d 850, 854 (CCPA 1979) (citing 58 C.J.S. *Mistake,* p. 832).

[5]Plaintiff's Response to Defendant's Cross-Motion to Dismiss, p. 2.

The plaintiff relies on the import papers, in particular two commercial invoices purportedly showing the merchandise's ex factory price as distinct from the inland charges, ocean freight and insurance. The defendant, on the other side, states that "[t]here is absolutely no evidence to indicate that the appraising officer accepted the amounts stated for the disputed charges." Defendant's Memorandum, p. 9.

The court cannot resolve the issue of fact thus raised, based on the papers at hand. Obviously, that issue is central to decision of the issue of whether the act(s) of Customs complained of were within the purview of 19 U.S.C. § 1520(c)(1). Since "disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgement"[6], plaintiff's present motion therefore must be denied.

### III

In response to defendant's cross-motion, the plaintiff relies on *Lester Engineering Co.* v. *United States,* 3 CIT 236 (1982), where the court denied a motion to dismiss for lack of jurisdiction in a matter involving allegedly erroneous constructed values. In regard to section 520(c)(1), the court concluded that

> [a]ppraisement on the basis of constructed value involves a complex compilation and analysis of many facts covering various costs, expenses and profits, and such factual determinations certainly are susceptible to clerical errors, mistakes or other inadvertences not amounting to an error in the construction of the law. *Id.* at 240.

The same can be said of appraisement on the basis of cost of production, which is "designed to approximate as closely as is feasible the actual cost of producing the merchandise if it were manufactured as expeditiously as could be done in a normal manner for delivery on the date of export." *Charles Stockheimer* v. *United States,* 44 CCPA 92, 96 (1957). As pointed out in *Lester* the Customs Service, when appraising merchandise under section 402a(f), was not only construing the law, it was also dealing with information which is susceptible to clerical errors, mistakes or other inadvertences not amounting to errors in construction of the law.

Since a clerical error, mistake or other inadvertence may, in fact, have occurred herein, the court cannot now grant defendant's cross-motion.

With the necessary denial of both plaintiff's motion for summary judgment and defendant's cross-motion, the parties are directed to confer and to propose within 30 days hereof, a date for trial of this action.

---

[6]*Anderson* v. *Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).