**Clyde J. SMITH, Plaintiff,**

v.

**NOBLE DRILLING CO., Inc., Defendant.**

**Civ. A. No. 14610.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Aug. 31, 1967.

Harold J. Lamy, New Orleans, La., for plaintiff.

George V. Baus, New Orleans, La., for defendant.

RUBIN, District Judge:

During the trial of this case the parties stipulated that, in the event the jury returned a verdict for the plaintiff, the Court would decide all issues concerning defendant's right to credit for the amount previously paid as benefits under the Longshoremen and Harbor Workers' Act,[1] and the amount by which the jury award is to be increased to reflect the amount due the plaintiff as maintenance and cure. It was further stipulated that defendant has paid $3,812.66 in medical and $3,010.00 in compensation at the rate of $70.00 per week.

■ Since it has been determined that the plaintiff was a seaman and therefore was not covered by the Longshoremen and Harbor Workers' Act,[2] he was not due any payments under that Act. Instead, he was due maintenance and cure, as a seaman, in addition to the sums awarded by the jury.

■ As a general rule, a person cannot recover money voluntarily paid with full knowledge of the facts, whether he seeks to do so by direct action, set-off, or counterclaim.[3] For that principle to apply, however, the overpayments must have been truly voluntary, that is, "done by design or intentionally or purposely or by choice or of one's own accord or by the free exercise of the will."[4] Money paid under a mistake of fact can be recovered even though the payer was negligent or was carelessly ignorant of the facts.[5] Even salary or commission erroneously overpaid to an employee by mistake can be recovered.[6]

Where payments had been made to an employee under the Louisiana Workmen's Compensation Act, and the employee later recovered under the Jones Act, Judge E. Gordon West of this district held that the employer was entitled to a credit for the workmen's compensation payments previously made to the plaintiff.[7]

■■ For these reasons, the defendant should be permitted to offset against the amount awarded the plaintiff the amount previously paid to the plaintiff as compensation. The parties have in effect agreed that the amount of the medical expense would have been added to the jury verdict and recovered in addition to it; therefore this amount should not be offset against the present verdict which includes nothing for medical expense.

■ There is no merit to the claim that the plaintiff is not entitled to be paid maintenance at all, because he is a seaman only for purposes of the Jones Act. Defendant's counsel seeks to distinguish injuries sustained in the service of the ship for the purpose of maintenance and cure from those sustained in the scope of employment for the purpose of the Jones Act. This issue was dealt with directly in Weiss v. Central Railroad Co. of New Jersey,[8] where the court said:

"Generally the criteria for determining whether or not plaintiff is a 'seaman' for purposes of maintenance and cure are the same as those governing his right to recover under the Jones Act, 46 U.S.C. § 688."[9]

1. 33 U.S.C.A. § 901.

2. Ibid.

3. 70 C.J.S. Payment § 133, page 341. Pure Oil Co. v. Tucker, 8 Cir., 1947, 164 F.2d 945; Heidt v. United States, 5 Cir., 1932, 56 F.2d 559, cert. denied 53 S.Ct. 8, 287 U.S. 601, 77 L.Ed. 523.

4. Gulf Oil Corporation v. Lone Star Producing Co., 5 Cir., 1963, 322 F.2d 28, discussing Texas law in a diversity case.

5. Ibid. See also A.L.I. Restitution § 18, page 84.

6. Annotation: Payments to Employee—Recovery Back, 88 A.L.R.2d 1437, 1452.

7. Williams v. Offshore Company, 1963, 216 F.Supp. 98.

8. 2 Cir., 1956, 235 F.2d 309.

9. Id. at 311.

Maintenance is due the plaintiff in addition to lost wages where he has not claimed "found," that is, the value of board and lodging, as part of his claim for damages.[10] Any other result would not only permit the plaintiff a double recovery but would have the undesirable result of impelling employers to resist the payment of compensation in any case where there is the slightest doubt of status, on the basis of a possible risk of double exposure.

Therefore, it is ordered that the Clerk enter judgment for the plaintiff in the amount of the verdict less $1,204.00 which represents the difference between the compensation paid by defendant and the amount due the plaintiff for maintenance at the rate of $6.00 per day, from July 15, 1963 to May 4, 1964.

10. See McCarthy v. American Eastern Corp., 3rd Cir., 1949, 175 F.2d 727, holding that the seaman may not recover both maintenance and found. See also Alexandervich v. Gallagher Brothers Sand & Gravel Corp., 2 Cir., 1961, 298 F.2d 918.