**CARLINGSWITCH, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 81–7–00903.**

United States Court of
International Trade.

Feb. 15, 1983.

Shaw & Stedina, New York City (Charles P. Deem, New York City, on briefs), for plaintiff.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, New York City, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch (Jerry P. Wiskin, New York City, on briefs), for defendant.

*Opinion and Order*

MALETZ, Senior Judge:

In this action plaintiff seeks to recover $91,992.35 which it voluntarily tendered to

---

the Customs Service during a penalty investigation conducted under 19 U.S.C. § 1592 (1970). That investigation involved an alleged understatement by plaintiff of the value of certain shipments of switches, indicator lights and related products. Before the court is the Government's motion to dismiss for failure to state a claim upon which relief can be granted or, alternatively, for summary judgment. Plaintiff has cross-moved for summary judgment.

This very controversy was the subject of *Carlingswitch, Inc. v. United States,* 85 Cust.Ct. 63, C.D. 4873, 500 F.Supp. 223 (1980), *aff'd,* 68 CCPA ——, C.A.D. 1264, 651 F.2d 768 (1981) (*Carlingswitch I*), which this court dismissed for lack of subject matter jurisdiction. *Carlingswitch I* was decided prior to the effective date of 28 U.S.C. § 1581(i),[1] as enacted by the Customs Courts Act of 1980. One month after the affirmance by the Court of Customs and Patent Appeals in *Carlingswitch I,* plaintiff filed the present action alleging jurisdiction pursuant to the then newly enacted 28 U.S.C. § 1581(i).

## I

The facts of this case are identical to those in *Carlingswitch I.* From July 9, 1970 to January 29, 1974, plaintiff imported electrical switches and related articles assembled in Mexico from American-manufactured parts. The Customs Service, after reviewing the costs submitted by plaintiff in connection with these importations, concluded that such costs were understated. It thereupon initiated a penalty investigation pursuant to section 592 of the Tariff Act of 1930, 19 U.S.C. § 1592 (1970).[2] Before this investigation was concluded plaintiff voluntarily paid $41,992.35 as "additional tariff" to Customs on May 28, 1974. On April 23, 1976, plaintiff paid an additional $50,000 as "withheld duties." This second payment was also voluntarily made, but with the caveat that it was "not to be interpreted as an admission that any particular additional duties * * * [were] due."

Upon completion of its penalty investigation on January 6, 1977, Customs demanded $7,926,778 of plaintiff as forfeiture value based primarily on alleged undervaluation of the merchandise. Plaintiff thereupon filed a petition pursuant to section 618 of the Tariff Act of 1930, 19 U.S.C. § 1618 (1976), seeking remission or mitigation of the demand for forfeiture value. Before Customs commenced an action to recover the forfeiture value the statute of limitations had run, thus forcing Customs to remit the demand in its entirety.

After the demand was remitted, plaintiff requested a refund of the $91,992.35 it had voluntarily paid. Customs denied this request indicating that inasmuch as the Government had sustained an actual revenue loss of $174,573.21, it assumed that plaintiff's voluntary payments were meant to offset a portion of this loss. Plaintiff then filed an action in this court which culminated in *Carlingswitch I.*

## II

In *Carlingswitch I* the Court of Customs and Patent Appeals (CCPA) affirmed this court's determination that, contrary to the

---

1. 28 U.S.C. § 1581(i) provides:

    (i) In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)–(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—

    (1) revenue from imports or tonnage;

    (2) tariffs, duties, fees or other taxes on the importation of merchandise for reasons other than the raising of revenue;

    (3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or

    (4) administration and enforcement with respect to the matters referred to in paragraphs (1)–(3) of this subsection and subsections (a)–(h) of this section.

2. 19 U.S.C. § 1592(a)(1) (1970) prohibited the entry of merchandise into the United States by means of any false or fraudulent document resulting in the deprivation of duties to the United States.

contention of plaintiff, 28 U.S.C. § 1582(a)(3) (1976)[3] did not confer jurisdiction over this dispute.

The crux of plaintiff's argument, then as now, was that by virtue of 19 U.S.C. §§ 1520(a)(3) and 1514(a)(3) (1970)[4] Customs' refusal to refund monies paid in satisfaction of duties amounted to a "charge or exaction" within the meaning of 19 U.S.C. § 1514(a)(3). The CCPA, in affirming this court's decision, found that a refusal to refund money is not a section 1514 "charge or exaction." *Id.* at ——, 651 F.2d at 773. In addition, the CCPA concluded that section 1520(a)(3) did not allow for refunds of any monies other than those paid "on account of a fine, penalty, or forfeiture," none of which had been charged against plaintiff at the time it made its payments. *Id.* Thus, the CCPA in essence held there was no statutory cause of action over which this court could assert jurisdiction. As previously noted, plaintiff then brought the present action.

### III

In an attempt to skirt *Carlingswitch I* plaintiff first argues that 28 U.S.C. § 1581(i), as a residual jurisdictional provision, is similar to 28 U.S.C. § 1331[5] in that it fills any intersticial gaps in this court's power to hear cases involving the trade laws of the United States. Plaintiff next maintains that when a putative claim arises under federal law, but no specific statutory provision can be found giving a cause of action, 28 U.S.C. § 1331 may be utilized to confer jurisdiction in the district courts. Plaintiff finally contends that 28 U.S.C. § 1581(i) can be similarly utilized to fashion a cause of action in the absence of a statute expressly conferring one on plaintiff. The court must reject this contention.

■ The notion that section 1581(i) may in some manner be employed to create a cause of action where none otherwise exists was rejected in *Montgomery Ward & Co., Inc. v. Zenith Radio Corp.,* 69 CCPA ——, 673 F.2d 1254 (1982). The court there made it clear that new causes of action cannot be created under 28 U.S.C. § 1581(i). Citing the legislative history of that provision, the court noted:

The purpose of 28 U.S.C. § 1581(i) is shown in the legislative history as follows:

This section [1581(i)] granted the court jurisdiction over those civil actions which arise directly out of an import transaction and involve one of the many international trade laws. The purpose of this section was to eliminate

---

**3.** 28 U.S.C. § 1582(a)(3) provided:

(a) The Customs Court shall have exclusive jurisdiction of civil actions instituted by any person whose protest pursuant to the Tariff Act of 1930, as amended, has been denied, in whole or in part, by the appropriate customs officer, where the administrative decision, including the legality of all orders and findings entering into the same, involves: ... (3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury; ...

**4.** 19 U.S.C. § 1520(a)(3) provided in part:

(a) The Secretary of the Treasury is authorized to refund duties or other receipts in the following cases:

\* \* \* \* \* \*

(3) *Fines, penalties, and forfeitures.* —Whenever money has been deposited in the Treasury on account of a fine, penalty, or forfeiture which did not accrue, or which is finally determined to have accrued in an amount less than that so deposited, or which

is mitigated to an amount less than that so deposited or is remitted.

19 U.S.C. § 1514(a)(3) read in part:

[D]ecisions of the appropriate customs officer, including the legality of all orders and findings entering into the same, as to—

\* \* \* \* \* \*

(3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury;

\* \* \* \* \*

shall be final and conclusive upon all persons (including the United States and any officer thereof) unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Customs Court. . . .

**5.** 28 U.S.C. § 1331(a) provides in part that "[t]he district courts shall have original jurisdiction of all civil actions wherein the matter ... arises under the Constitution, laws, or treaties of the United States."

the confusion which currently exists as to the demarcation between the jurisdiction of the federal district courts and the Court of International Trade. This language made it clear that all suits of this type are properly commenced only in the Court of International Trade and not in a district court. Thus, the Committee did not intend to create any new causes of action, but merely to designate definitively the appropriate forum.

\* \* \* \* \* \*

Jurisdiction under § 1581(i) cannot be made a resting ground for judicial review of activities neither contemplated nor permitted by Congress.

*Id.* at ——, 673 F.2d at 1261. *See also Califano v. Sanders,* 430 U.S. 99, 105–107, 97 S.Ct. 980, 984–985, 51 L.Ed.2d 192 (1977); *Cheng Shin Rubber Industry Co., Ltd. v. United States,* 3 CIT ——, 551 F.Supp. 684, 687 (1982); *Haarman & Reimer Corp. v. United States,* 1 CIT 207, 509 F.Supp. 1276 (1981). Thus, it is clear that 28 U.S.C. § 1581(i), standing alone, can give plaintiff no greater rights than those which it possessed prior to enactment of the Customs Courts Act of 1980. As was indicated in *Montgomery Ward,* 28 U.S.C. § 1581(i) does not create any new substantive rights for plaintiff in this connection.

Although plaintiff argues that 19 U.S.C. § 1514, in conjunction with 28 U.S.C. § 1581(i), somehow gives it rights which it previously lacked, in view of the rationale in *Carlingswitch I,* the doctrine of stare decisis precludes relitigation of the question whether a cause of action exists under 19 U.S.C. § 1514(a)(3) (1970).

### IV

Plaintiff next turns to 19 U.S.C. § 1618 (1970) [6] as an alternative basis for seeking a

refund. But there too the operative language is remission or mitigation of a "fine, penalty, or forfeiture," none of which had been charged against plaintiff at the time of the payments in question. In this regard the CCPA's holding in *Carlingswitch I* that 19 U.S.C. § 1520(a)(3) did not allow for a refund in the absence of a "fine, penalty, or forfeiture" is controlling. *Id.* at ——, 651 F.2d at 773.

### V

Finally, plaintiff seeks equitable relief in the form of restitution, arguing that it would be unjust, in the absence of statutory authorization, for the Government to retain sums tendered to it by plaintiff in excess of the duties assessed at the time of liquidation. The rule is well settled, however, that a person cannot recover back monies voluntarily paid with full knowledge of all the facts, absent fraud, duress, or extortion in some form. *United States v. Edmondston,* 181 U.S. 500, 510–11, 21 S.Ct. 718, 722–23, 45 L.Ed. 971 (1901); *Smith v. Noble Drilling Co.,* 272 F.Supp. 321, 322 (E.D.La.1967). *See also 1776 K Street Assoc. v. United States,* 602 F.2d 354, 357 (Ct.Cl.1979), *cert. denied,* 447 U.S. 905, 100 S.Ct. 2985, 64 L.Ed.2d 853 (1980). In order for such payments to be truly voluntary, they must be done "by design or intentionally or purposely or by choice or of one's own accord or by the free exercise of the will." *Smith v. Noble Drilling Co.,* 272 F.Supp. at 322 (quoting *Gulf Oil Corp. v. Lone Star Producing Co.,* 322 F.2d 28 (5th Cir.1962)). As this court previously found in *Carlingswitch I,* the payment of the $91,-992.35 by plaintiff was made voluntarily, "on its own initiative and without request or demand by Customs." *Id.* at ——, 505

6. 19 U.S.C. § 1618 provided in part:

Whenever any person ... who has incurred, or is alleged to have incurred, any fine or penalty ... files with the Secretary of the Treasury ... a petition for the remission or mitigation of such fine, penalty, or forfeiture, the Secretary of the Treasury, if he finds that such fine, penalty, or forfeiture was incurred without willful negligence or without any intention on the part of the petitioner to defraud the revenue or to violate the law, or finds the existence of such mitigating circumstances as to justify the remission or mitigation of such fine, penalty, or forfeiture, may remit or mitigate the same upon such terms and conditions as he deems reasonable and just, ...

F.Supp. at 226. Thus, plaintiff's equitable claim for restitution must fail.

## VI

For all of the foregoing reasons, the court concludes that plaintiff has failed to state a claim upon which relief can be granted. Defendant's motion to dismiss is, accordingly, granted.