MIAMI FREE ZONE CORPORATION,
Plaintiff,

v.

UNITED STATES, Defendant.

Court No. 91–12–00878.

United States Court of
International Trade.

July 9, 1993.

Andrew M. Parish, P.A., Andrew M. Parish, Mark Graham Hanson, and Barry M. Boren, Miami, FL, for plaintiff.

Frank W. Hunger, Asst. Atty. Gen. of the U.S., Greenville, MS, Joseph I. Liebman, Attorney-in-Charge, Intern. Trade Field Office, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Mark S. Sochaczewsky, Glenda E. Drinkhahn, Asst. Regional Counsel, U.S. Customs Service, Washington, DC, of counsel, for defendant.

## OPINION AND JUDGMENT

CARMAN, Judge:

Defendant moves pursuant to USCIT R. 12(b)(5) to dismiss plaintiff's action for failure to state a claim upon which relief can be granted. Plaintiff commenced this action in order to challenge a decision by the United States Customs Service to assess liquidated damages against plaintiff pursuant to 19 C.F.R. §§ 113.73, 146.4(a), (c), (e), 146.-53(c)(1)–(2) (1988). Plaintiff bases jurisdiction upon 28 U.S.C. § 1581(i) (1988).

### I. BACKGROUND

Plaintiff Miami Free Zone Corporation (plaintiff or MFZC) operates a foreign-trade zone (FTZ) in Miami, Florida known as the Miami Free Zone (MFZ) pursuant to 19 U.S.C. §§ 81a–81u (1988 & Supp. II 1992) and 19 C.F.R. § 113.73 (1992). Def's Mem at 1. On or about March 27, 1987, one of plaintiff's tenants, Electronic Trade Center, imported Sony video cassette recorders into the United States and transported the recorders to the MFZ. Agency Rec. Doc. Q. On April 2, 1987, 1100 of the recorders were stolen from the premises of the MFZ. Pl's Compl at 4. The aggregate value of the stolen property totalled $245,300.00 based on a per unit value of $223.00. Agency Rec. Doc. Q. The applicable duties, equal to 4.1% *ad valorem,* amounted to $10,057.30. Def's Mem at 2.

The United States Customs Service (Customs) subsequently determined that plaintiff violated the FTZ operator bond conditions set forth in 19 C.F.R. § 113.73 in connection with the theft from the FTZ. Agency Rec. Doc. P. In particular, Customs found that plaintiff did not adequately (1) supervise storage conditions in the FTZ, (2) safekeep merchandise admitted into the FTZ, or (3) maintain the security of the merchandise located in the FTZ as required by 19 C.F.R. § 146.4(a), (c), (e). Customs also found that plaintiff was liable for the merchandise shortage occasioned by the theft and the duty and taxes owed on the merchandise pursuant to 19 C.F.R. § 146.53(c)(1)–(2). *Id.* Based on these violations, Customs assessed liquidated damages against plaintiff in the amount of $255,357.00, the sum of the stolen merchandise's aggregate value and applicable duties rounded down to the nearest dollar. *Id.*

On April 5, 1988, plaintiff petitioned Customs to cancel or mitigate the assessed liquidated damages pursuant to 19 U.S.C. § 1618 (1988). *See* Agency Rec. Doc. O. In its petition, plaintiff detailed the supervisory and security measures plaintiff had implemented prior to the theft. *Id.* at 4–6. Plaintiff claimed these measures satisfied its regulatory duty of care and, therefore, the theft was a superseding intervening event which precluded plaintiff's liability. *Id.* at 5–6. In addition, plaintiff asserted that because it had conformed with Customs' supervisory and security requirements, imposing liquidated damages would enhance Customs' revenues without ensuring compliance with Customs' law and regulations. *Id.* at 7. Plaintiff argued that imposing damages in this instance would violate Customs' general policy of imposing liquidated damages to ensure compliance, citing Customs Directive 3210–12(3)(A). *Id.*

In response to plaintiff's petition, Customs reaffirmed its earlier determination that plaintiff was negligent. *See* Agency Rec. Doc. N at 2. Nevertheless, Customs agreed to cancel the liquidated damages if plaintiff paid $51,071.40, an amount equal to twenty percent of the original liquidated damages. *Id.* at 3.

Plaintiff subsequently filed a supplemental petition with Customs on February 21, 1989. *See* Agency Rec. Doc. M. In its supplemental petition, plaintiff asked Customs to reconsider its earlier finding that plaintiff had been negligent and its decision to assess damages. *Id.* at 1–4. In sum, plaintiff claimed that its actions with respect to its supervisory and security duties warranted Customs to cancel its claim for damages against plaintiff. *Id.* at 4.

After plaintiff filed its supplemental petition, the Miami District Director referred plaintiff's case to the Director of Customs' Entry Procedures and Penalties Division (EPPD) in Washington, D.C. *See* Agency Rec. Doc. M. The District Director recommended that Customs cancel the original liquidated damages upon payment of $49,060.00, an amount equal to twenty percent of the value of stolen merchandise, rather than $51,071.40—a figure equal to twenty percent of the sum of merchandise's value and applicable duties. *Id.* at 2. The EPPD Director found that plaintiff was negligent and accepted the District Director's recommendation that Customs cancel the original liquidated damages upon payment of $49,060. Agency Rec. Doc. K.

Following the decision by the EPPD Director, plaintiff continued to seek additional mitigation from Customs. Counsel for plaintiff met with the Miami-based officer of the Fines, Penalties, and Forfeiture Division (FPF). Def's Mem. at 4. In response to this meeting, the FFP officer declined to recommend any amendment to the decision reached by the Washington director. Agency Rec. Doc. J. Counsel for plaintiff then submitted additional information that detailed MFZC's security measures. *See* Agency Rec. Doc. I. The Miami Customs office referred these submissions to the EPPD Director in Washington, D.C. Def's Mem. at 5. After making its submissions and prior to receiving the RPPD Director's response, plaintiff, through counsel, made an offer of compromise and tender to Customs for the amount of $10,057.00 "in full settlement of the damage claim." Agency Rec. Doc. I.

On September 5, 1990, the RPPD Director issued a new ruling stating that Customs would cancel its claim for liquidated damages upon payment of $5,000.00 as a mitigated penalty and $10,057.30 for the duties owed on the stolen merchandise.[1] Agency Rec. Doc. H. The ruling also rejected plaintiff's offer of compromise and required plaintiff to pay the remaining $5,000.00 penalty within 30 days after the date of Customs' notification letter (September 13, 1990). *Id.* On October 12, 1990, plaintiff paid $5,000.00 in accordance with the September 5, 1990 ruling. Agency Rec. Doc. F.

After making payment to Customs, plaintiff filed a second supplemental petition on January 3, 1991. *See* Agency Rec. Doc. D. In its petition, plaintiff argued that it was not liable for its tenant's negligence and that Customs should cancel the liquidated damages portion of the penalty previously assessed. *Id.* at 1. Specifically, plaintiff urged that because its tenant's negligence was "earlier in time," the government had no claim against plaintiff. *Id.* at 2 (emphasis omitted). In addition, plaintiff appears to suggest that because its tenant may have misrepresented to plaintiff the contents of the containers from which the merchandise was stolen, plaintiff should not be liable. *Id.* at 3–4.

On July 15, 1991, Customs denied plaintiff's second petition. Agency Rec. Doc. A. In short, Customs reaffirmed its earlier finding that plaintiff's own negligence contributed to the theft at the FTZ and rejected the argument that plaintiff's tenant's negligence barred all claims against plaintiff. *Id.* at 2–3. Customs also indicated that while the negligence of plaintiff's tenant mitigated the amount of liquidated damages owed by plaintiff, such negligence did not warrant cancelling the damages because plaintiff's own negligence contributed to the loss. *Id.* at 3.

Plaintiff then commenced this action in the Court of International Trade (CIT) in order to recover the $15,057.30 paid as mitigated damages plus interest. Plaintiff's complaint asks this Court to determine whether the government's finding that the plaintiff was negligent was correct and whether the penalties imposed were appropriate. Pl's Mem at 2. This case is before the Court on defendant's motion under USCIT R. 12(b)(5) to dismiss plaintiff's action for failure to state a claim upon which relief can be granted.

## II. CONTENTIONS OF THE PARTIES

Defendant advances two closely-related arguments in support of its position. First, defendant contends that because plaintiff chose to initiate administrative mitigation procedures and pay the amount of damages assessed under these procedures, plaintiff does not have any basis upon which to bring suit. Def's Mem. at 6–8. In essence, defendant asserts that the mitigation offered by Customs and its acceptance by plaintiff constituted an accord and satisfaction which extinguished any claim that plaintiff may have had against Customs. *Id.* at 8.

Defendant's second contention is that the CIT lacks subject matter jurisdiction over the case. *Id.* at 9; Def's Ans at ¶ 1. According to defendant, because the accord and satisfaction reached between plaintiff and Customs completely resolved the dispute between the parties, this case does not present a "protestable event" which could vest jurisdiction in this Court."[2] Def's Mem at 9.

Plaintiff contends that no accord and satisfaction arose between the parties that would preclude plaintiff from bringing suit. Pl's Mem at 2–3. Plaintiff maintains that an accord and satisfaction could only have arisen in this case if plaintiff had waived its right to secure judicial review of Custom's decision

---

**1.** The new ruling indicates that one of plaintiff's tenants, Electronics Trade Center, was also negligent and that the tenant's negligence contributed to the theft. The ruling appears to suggest that because plaintiff's tenant was negligent, plaintiff was entitled to an additional mitigation of damages. Agency Rec. Doc. H.

**2.** Defendant seems to suggest that plaintiff's action is akin to an action brought pursuant to 28

U.S.C. § 1581(a) (1988) to contest the denial of a protest made under 19 U.S.C. § 1514 (1988). Defendant also appears to argue that because plaintiff could not have protested the mitigated damages assessment and brought suit in the CIT, plaintiff can not invoke the CIT's residual jurisdiction under 28 U.S.C. § 1581(i) to create a cause of action that would not otherwise exist.

"as a condition of receiving the mitigation." *Id.* at 3. According to plaintiff, because plaintiff never waived its right to secure judicial review and the mitigation statute does not condition the allowance of mitigation on such waivers, the parties did not reach an accord and satisfaction that would bar judicial review. *Id.* Plaintiff argues further that a denial of judicial review in this case and the loss of the attendant opportunity of receiving a court-ordered penalty refund would deprive plaintiff of its property without due process of law. *Id.* at 4.

### III. DISCUSSION

■ The threshold issue presented by this case is whether the CIT has subject matter jurisdiction to review a challenge against a penalty imposed by Customs pursuant to 19 C.F.R. § 113.73 and mitigated under 19 U.S.C. § 1618.[3] Plaintiff claims the Court has jurisdiction under 28 U.S.C. § 1581(i) to review such challenges. Section 1581(i) provides as follows:

(i) In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)–(h) of this section and subject to the exception set forth in subsection (j) of this, section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—

(1) revenue from imports or tonnage;

(2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of. revenue;

(3) embargoes or other quantitative restrictions on the importation of mer-

chandise for reasons other than the protection of the public health or safety; or

(4) administration and enforcement with respect to the matters referred to in paragraphs (1)–(3) of this subsection and subsections (a)–(h) of this section.

This subsection shall not confer jurisdiction over an antidumping or countervailing duty determination which is reviewable either by the Court of International Trade under section 516A(a) of the Tariff Act of 1930 or by a binational panel under article 1904 of the United States–Canada Free–Trade Agreement and section 516A(g) of the Tariff Act of 1930.

Customs Court Act of 1980, Pub.L. No. 96–417, 94 Stat. 1728, as amended, 28 U.S.C. § 1581(i) (1988). For the reasons which follow, the Court concludes that § 1581(i) does not provide the CIT with subject matter jurisdiction to review a challenge against a penalty imposed by Customs pursuant to 19 C.F.R. § 113.73 and mitigated under 19 U.S.C. § 1618.

In *ITT Semiconductors v. United States,* this Court expressly rejected the contention that the CIT has jurisdiction to review a challenge against a penalty imposed by Customs pursuant to 19 U.S.C. § 1592 and mitigated under 19 U.S.C. § 1618. 6 CIT 231, 237, 576 F.Supp. 641, 646 (1983). There, plaintiff predicated jurisdiction on 28 U.S.C. § 1581(a), or, in the alternative, 28 U.S.C. § 1581(i). The Court held that it lacked jurisdiction under § 1581(a) because the mitigated penalty imposed and payment made therefor was not a charge or exaction subject to protest that could, in turn, give the CIT jurisdiction under § 1581(a). *Id.,* 576 F.Supp. at 646. The Court also held that it lacked jurisdiction under § 1581(i) because jurisdiction under subsection (i) would have created a cause of action that would not have

---

3. 19 U.S.C. § 1618 provides for the following in relevant part:

Whenever any person interested in any vessel, vehicle, aircraft, merchandise, or baggage. seized under the provisions of this chapter, or who has incurred, or is alleged to have incurred, any fine or penalty thereunder, files with the Secretary of the Treasury ... a petition for the remission or mitigation of such fine, penalty, or forfeiture, the Secretary of the Treasury, ... if he finds that such fine, penalty,

or forfeiture was incurred without willful negligence or without any intention on the part of the petitioner to defraud the revenue or to violate the law, or finds the existence of such mitigating circumstances as to justify the remission or mitigation of such fine, penalty, or forfeiture, may remit or mitigate the same upon such terms and conditions as he deems reasonable and just, or order discontinuance of any prosecution relating thereto....

otherwise existed under § 1581's other subsections. *Id.,* 576 F.Supp. at 646 (citing *Montgomery Ward & Co. v. Zenith Radio Corp.,* 69 CCPA 96, 106, 673 F.2d 1254, 1261 (1982)) (other citation omitted). While not fully explicated, the *ITT* court's holding with respect to § 1581(i) turned on the premise "that 28 U.S.C. § 1581(i), standing alone, can give [a] plaintiff no greater rights than those which it possessed prior to enactment of the Customs Court Act of 1980." *Carlingswitch, Inc. v. United States,* 5 CIT 70, 73, 560 F.Supp. 46, 49 (1983). In the instant case, plaintiff has not presented any basis for its claim that the CIT has jurisdiction under 28 U.S.C. § 1581(i). Instead of addressing the issue of whether the CIT has the statutory authority to review its claims, plaintiff appears to proceed on the assumption that the Court has such authority and argues only that it never waived its right to invoke the Court's authority in the mitigation proceedings. Nothing in plaintiff's papers convinces the Court that it should abandon the rationale relied upon in *ITT* and explained in *Carlingswitch.* In short, as in *ITT,* allowing the plaintiff in this case to proceed under § 1581(i) would create a cause of action in this Court that would not otherwise exist. As a result, the Court finds that it lacks jurisdiction under § 1581(i).

 Even assuming penalties imposed by Customs pursuant to 19 C.F.R. § 113.73 and mitigated under 19 U.S.C. § 1618 were subject to judicial review, plaintiff has failed to demonstrate why *this Court* is the proper forum to review such matters. The Court of Appeals for the Federal Circuit recently held that a decision by Customs to impose a penalty in § 1618 mitigation proceedings is subject to judicial review where the plaintiff challenges the legality of the underlying penalty and has paid the penalty under protest. *Trayco, Inc. v. United States,* 994 F.2d 832, 839 (Fed.Cir.1993). Customs imposed the penalty at issue in *Trayco* pursuant to 19 U.S.C. § 1592 after plaintiff allegedly failed to mark properly the country of origin on certain imported merchandise as required by

19 U.S.C. § 1304(a) (1988). *Id.* at 833–35. In contrast to claims which challenge the *legality* of an underlying penalty that gives rise to mitigation proceedings, the Federal Circuit noted that claims which challenge the *merits* of a decision denying a petition for mitigation under § 1618 are not subject to judicial review. *Id.* at 838. With respect to the issue of which court had jurisdiction to review claims challenging the validity of a penalty, the *Trayco* court "conclude[d] that a gap exists in the Court of International Trade's exclusive jurisdiction for an action brought by an importer against the United States for refund of a penalty improperly assessed and exacted under 19 U.S.C. § 1592(a), (c)." *Id.* at 836. As a result, the Federal Circuit found that the CIT lacked subject matter jurisdiction to hear plaintiff's claims. *Id.* at 836. As applied to this case, *Trayco* indicates that although plaintiff's claims may be subject to judicial review,[4] this Court lacks jurisdiction to address them.

Notwithstanding the conclusion reached, the Court observes that the jurisdictional issue presented in this case further demonstrates the need for Congress to re-examine the CIT's jurisdictional mandate. As the Federal Circuit noted in *Trayco,* "Congress did not fully explain, and neither can we, why certain customs-related matters are excluded from the jurisdiction of the Court of International Trade." *Id.* at 837 (citing *K Mart Corp. v. Cartier, Inc.,* 485 U.S. 176, 189, 108 S.Ct. 950, 959, 99 L.Ed.2d 151 (1988)). Similar to the penalty at issue in *Trayco,* the penalty at issue in this case is clearly "customs-related" and would benefit from the national standards that the CIT provides. Nevertheless, as previously noted, because the Court does not have the explicit statutory authority necessary to review a penalty imposed by Customs under 19 C.F.R. § 113.73, the Court finds that it lacks subject matter jurisdiction. If changes in the CIT's jurisdiction are to be made, they will have to be made by the legislative branch.

4. Because the Court concludes that it lacks subject matter jurisdiction, the Court does not reach the merits of the case. As a result, the Court expressly refrains from characterizing plaintiff's claim as being either related to the underlying penalty or the merits of the decisions reached in the mitigation proceedings.

### IV. CONCLUSION

The Court holds that defendant's motion to dismiss is granted on the grounds that the Court lacks subject matter jurisdiction.

### JUDGMENT

### *ORDER*

This case having been duly submitted for decision, and the Court after due deliberation, having rendered a decision herein; now, therefore, in conformity with said decision it is hereby

**ORDERED** that this case is dismissed for lack of subject matter jurisdiction.